# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WARREN H. SCHULER, Individually and
On Behalf of All Others Similarly Situated,

          Plaintiff,

    v.

THE MEDICINES COMPANY,
CLIVE A. MEANWELL,
GLENN P. SBLENDORIO, and
PAUL M. ANTINORI,

          Defendants.

**Case No. 2:14-cv-01149-CCC-MF**

**CLASS ACTION**

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation") is made and entered into, under Federal Rule of Civil Procedure 23 and Federal Rule of Evidence 408, between the following parties: (1) Lead Plaintiff Warren H. Schuler and named plaintiff David Serr (together, "Plaintiffs"), on behalf of all Class Members pled in this Action, and (2) Defendants The Medicines Company ("MDCO" or the "Company"), Clive A. Meanwell, Glenn P. Sblendorio, and Paul M. Antinori (collectively the "Defendants"). Plaintiffs together with Defendants are the "Settling Parties." Subject to the Court's approval, the Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

### A.    Procedural History

On February 21, 2014, Plaintiff David Serr commenced a securities class action against Defendants, asserting claims under Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

On July 18, 2014, Warren Schuler was appointed Lead Plaintiff and Pomerantz LLP was appointed Lead Counsel. On September 17, 2014, Lead Plaintiff filed the Corrected First

Amended Complaint alleging violations of Sections 10(b) and 20(a) and Rule 10b-5 under the Exchange Act.

Defendants moved to dismiss on November 17, 2014. On June 22, 2015, after Defendants' motion was fully briefed, the FDA approved cangrelor "as an adjunct to percutaneous coronary intervention (PCI) to reduce the risk of periprocedural myocardial infarction (MI), repeat coronary revascularization, and stent thrombosis in patients who have not been treated with a P2Y12 platelet inhibitor and are not being given a glycoprotein IIb/IIIa inhibitor." On July 16, 2015, the Court heard oral argument on Defendants' motion to dismiss. At the conclusion of the argument, the Court recommended that the parties pursue mediation.

On November 2, 2015, during a full-day confidential mediation session with Jed Melnick, Esq., Plaintiffs and Defendants reached an agreement to settle this Action, which they memorialized in a Memorandum of Understanding dated November 18, 2015.

### B. Plaintiffs' Assessment of the Claims and Benefits of Settlement

Plaintiffs believe that the claims asserted in the Action are meritorious and are supported by the evidence developed to date. Additionally, Lead Counsel is familiar with the applicable law underlying the alleged claims and believes that any defenses Defendants raise can be refuted.

Nonetheless, Plaintiffs and Lead Counsel recognize the expense and length of any further prosecution of the Action against Defendants through completion of discovery, trial, and appeal. Plaintiffs and Lead Counsel are also mindful of inherent problems of proof, possible defenses to the violations asserted in the litigation, and practical impediments to judgment enforcement. Plaintiffs and Lead Counsel, based upon their thorough evaluation, believe that the Settlement set forth in the Stipulation is fair, reasonable, and adequate and in the best interests of the Class Members and that it confers substantial benefits upon Class Members. Plaintiffs and Lead Counsel shall use their best efforts to obtain final Court approval of the Settlement and to

encourage all Class Members to participate in the Settlement.

### C.     Defendants' Denials of Wrongdoing

Defendants deny each and all of the claims and contentions alleged by Plaintiffs in the litigation. Defendants deny all charges of wrongdoing or liability or any violation of law arising out of any the conduct, statements, acts, or omissions alleged, or that could have been alleged in the Action. Defendants have denied and continue to deny that the allegations that Plaintiffs or any Class Member has suffered damages or was harmed by any of the conduct alleged in the Action; continue to believe the claims asserted against them in the Action are without merit; and have agreed to enter into this Stipulation and Settlement solely to avoid the expense, distraction, time, and uncertainty associated with continuing the Action.

Defendants have concluded that further conduct of the Action would be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the risks inherent in any litigation, especially in complex cases such as this one, Defendants have therefore determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## II.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

### A.     Introduction

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, through their respective undersigned counsel of record, that, subject to approval of the Court under Federal Rule of Civil Procedure 23(e), in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action shall be finally and fully compromised, settled, and released, and the Action and the Released Claims shall be dismissed with prejudice, as to all Settling Parties, Releasing Plaintiffs, and Released Defendant Parties,

subject to the terms and conditions of this Stipulation.

**B.     Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.0     "Action" means *Schuler v. The Medicines Co., et al.*, Case No. 2:14-cv-01149-CCC-MF, pending in the United States District Court for the District of New Jersey.

1.1      "Authorized Claimant" means any member of the Class who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2     "Bar Date" means ten (10) days after the Final Approval Hearing or such other date as may be ordered by the Court.

1.3     "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.4     "Claims Administrator" means the firm of Epiq Systems, Inc., which shall administer the Settlement.

1.5     "Class" means all persons who purchased or otherwise acquired MDCO securities during the Class Period. Excluded from the Class are Defendants; the officers and directors of the Company at all relevant times; members of the immediate families of each Defendant; any person or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant; and the legal representatives, agents, heirs, successors or assigns of any such excluded party. Also excluded from the Class are those Persons who request exclusion from the Class in such form and manner, and within such time, as the Court shall prescribe.

1.6     "Class Member" means any Person that falls within the definition of the Class. "Class Members" means all such Persons.

1.7    "Class Period" means the period between January 8, 2013 and February 12, 2014, both dates inclusive.

1.8    "Court" means the United States District Court for the District of New Jersey.

1.9    "Defendants" means The Medicines Company, Clive A. Meanwell, Glenn P. Sblendorio, and Paul M. Antinori.

1.10    "Defendants' Counsel" means Wilmer Cutler Pickering Hale & Dorr LLP.

1.11    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.0 of the Stipulation have occurred and/or been met, unless it is a Saturday, a Sunday or a legal holiday, in which case the Effective Date shall be the next day that is not one of the aforementioned days. As used in the preceding sentence, "legal holiday" includes New Year's Day, Martin Luther King, Jr. Day, Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day, and any other appointed as a federal holiday.

1.12    "Escrow Accounts" mean, collectively, the Notice & Administration Fund and the Settlement Fund.

1.13    "Escrow Agent" means Huntington National Bank.

1.14    "Exchange Act" means the Securities Exchange Act of 1934, as amended.

1.15    "Final," with respect to this Settlement, means the time when either of the following has occurred: (a) if an appeal or review of the Judgment is not sought, the date following the expiration of the time within which to appeal or otherwise seek review of the Judgment; or (b) if an appeal or review of the Judgment is sought, the day after the Judgment is affirmed on appeal or the request for review is dismissed or denied and the Judgment is no longer subject to further judicial review . For purposes of this paragraph, an "appeal" shall not

include any appeal that concerns only the issue of attorneys' fees and expenses or the Plan of Allocation of the Settlement Fund.

1.16   "Final Approval Hearing" means the hearing where the Court will consider whether to approve the Settlement, approve the Plan of Allocation, award a Fee and Expense Award to Lead Counsel, and award a Compensatory Award to Lead Plaintiff, as detailed in ¶¶ 4.3–4.9.

1.17   "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit E or in such other form as may be approved in writing by all of the Settling Parties acting by and through their respective counsel of record in the Action.

1.18   "Lead Counsel" means Pomerantz LLP

1.19   "Lead Plaintiff" means Warren H. Schuler.

1.20   "MDCO" means the Company.

1.21   "Net Settlement Fund" means the Settlement Fund, less:

(i)     any Taxes and Tax Expenses,

(ii)    any Fee and Expense Award to Lead Counsel and any Compensatory Award to Lead Plaintiff approved by the Court under ¶¶ 7.1–7.6, and

(iii)   the amount allocated to the Notice & Administration Fund under ¶ 2.8.

1.22   "Notice" means the Notice Of Proposed Settlement Of Class Action, Motion For Attorneys' Fees And Expenses, And Settlement Fairness Hearing, which is to be sent to Class Members substantially in the form attached hereto as Exhibit B.

1.23   "Notice & Administration Costs" means the costs and expenses reasonably and actually incurred by, and the reasonable fees charged by, the Claims Administrator in connection

with notice dissemination and claims administration upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Class; mailing Notice and Proof of Claim and publishing the Publication Notice (such amounts shall include, without limitation, the actual costs of publication in national newswires, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, processing Proof of Claim and Release forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

1.24    "Notice & Administration Fund" means an interest-bearing escrow account that may be used only to pay Notice & Administration Costs.

1.25    "Order of Preliminary Approval" means an order by the Court certifying the Class for settlement purposes only, preliminarily approving the Settlement, and authorizing notice thereof and related matters as set forth as Exhibit A hereto.

1.26    "Person" means an individual, corporation (including all divisions and subsidiaries), partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, domestic partners, heirs, predecessors, successors, representatives, agents, trustees estates, administrators, executors, or assigns.

1.27    "Plaintiffs" means Lead Plaintiff Warren H. Schuler and named Plaintiff David Serr.

1.28   "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants. Any Plan of Allocation is not part of this Stipulation and Defendants shall have no responsibility or liability with respect thereto.

1.29   "Proof of Claim" means the Proof of Claim and Release to be submitted by Claimants, substantially in the form attached as Exhibit D.

1.30   "Publication Notice" means the Notice of Settlement of Class Action and Settlement Fairness Hearing to be published on a national business newswire, substantially in the form attached as Exhibit C.

1.31   "Released Defendant Parties" means each and every one of the following:

(i)      Defendants, collectively and each of them;

(ii)     each of any of Defendant's past, present or future directors, officers, employees, partners, principals, members, insurers, co-insurers, re-insurers, controlling shareholders, attorneys, advisors, accountants, auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, estates, executors, administrators, heirs, or related or affiliated entities;

(iii)    any entity in which any Defendant has a controlling interest;

(iv)    any member of any Defendant's immediate family, including past, present, or future children, stepchildren, parents, stepparents, spouses (including husbands, wives, and partners in a state-recognized domestic relationship or civil union), siblings, parents-in-law, and siblings-in-law; and

(v)     any trust of which any Defendant is the settlor or which is for the benefit of any member of an Defendant's immediate family, including past, present, or future

children, stepchildren, parents, stepparents, spouses (including husbands, wives, and partners in a state-recognized domestic relationship or civil union), siblings, parents-in-law, and siblings-in-law.

1.32    "Releasing Plaintiffs" means Plaintiffs and every Class Member and their respective past, present, and future heirs, executors, administrators, trustees, predecessors, successors, and assigns.

1.33    "Releases" means the release of Released Claims against Released Defendants Parties pursuant to ¶¶ 5.0–5.1.

1.34    "Released Claims" means and includes any and all claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, rights of recovery, duties, judgments, actions, sums of money, suits, contracts, agreements, promises, damages, causes of action, and liabilities of any and every kind, description, and nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, foreign, statutory, common, administrative, or any other law, statute rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured; whether class or individual in nature, including both known claims and Unknown Claims (i) asserted in the Action; (ii) that any Releasing Plaintiff could have asserted in the Action, including those concerning, arising from or out of, relating to, in connection with, or based on statements Plaintiffs allege in the Action were false or misleading, or any of the alleged acts, commissions, omissions, representations, facts

events, matters, transactions, or occurrences asserted in or relating to the Action; or (iii) that arise

from or out of, related to, are in connection with, or are based on any Releasing Plaintiffs'

purchase, acquisition, disposition, or sale of MDCO securities from January 8, 2013 and

February 12, 2014, that were or might have been asserted on behalf of themselves, their heirs,

executors, administrators, successors, and assigns against Released Defendant Parties, or any of

them.  However, Released Claims do not include: (1) claims to enforce the Settlement, and (2)

shareholder derivative claims already asserted or to be asserted in any action.

      1.35    "Settlement" means the settlement of the Action contemplated by this Stipulation.

      1.36    "Settlement Amount" means the principal amount of $4,250,000 paid by or on

behalf of the Company in connection with this Settlement and Stipulation.

      1.37    "Settlement Fund" means an interest-bearing escrow account established by the

Escrow Agent to receive the Settlement Amount.

      1.38    "Settling Parties" means Plaintiffs together with Defendants.

      1.39    "Unknown Claims" means and includes any and all claims that one or more

Releasing Plaintiff does not know or suspect to exist in his, her or its favor at the time of the

release of the Released Defendant Parties.  This includes claims which, if known by him, her or

it, might have affected his, her or its settlement with and release of the Released Defendant

Parties, or might have affected his, her or its decision(s) with respect to the Settlement and the

Released Claims, including his, her, or its decision to object or not to object to this Settlement.

The Settling Parties expressly acknowledge, and the Releasing Plaintiffs by operation of the

Judgment—shall have, and shall be deemed to have expressly waived and relinquished any and

all provisions, rights, and benefits conferred by any law of any state or territory of the United

States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or

equivalent to California Civil Code ¶ 1542, which provides:

> A general release does not extend to claims which the creditor does not know or
> suspect to exist in his or her favor at the time of executing the release, which if
> known by him or her must have materially affected his or her settlement with the
> debtor.

Plaintiffs, Releasing Plaintiffs, or Released Defendant Parties may hereafter discover

facts, legal theories, or authorities in addition to or different from those which he, she or it now

knows or believes to be true with respect to the subject matter of the Released Claims, but

Plaintiffs and Defendants expressly, fully, finally, and forever settle and release, and each other

Releasing Plaintiff and Released Defendant Party shall be deemed to have settled released, and

upon the Effective Date and by operation of the Judgment shall have settled and released, fully,

finally, and forever, any and all Released Claims, without regard to the subsequent discovery or

existence of such different or additional facts, legal theories, or authorities.  The Settling Parties

expressly acknowledge, and each other Releasing Plaintiff and Released Defendant Party by

operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown

Claims" in the definition of Released Claims was separately bargained for and a material element

of the Settlement.

1.40    "Taxes" means federal, state, local and non-U.S. income and other taxes, together

with any interest, penalties, or additions to tax imposed with respect to them.

1.41    "Tax Expenses" means expenses incurred in connection with the implementation

of ¶ 2.10 of the Stipulation, including reasonable expenses of tax attorneys and accountants

retained by the Escrow Agent.

1.42    "Terminate(s)(d)" with respect to the Settlement means:

(i)     Defendants have exercised their termination rights pursuant to ¶¶ 2.11 or

2.12 below; or

(ii)    Plaintiffs have exercised their termination rights pursuant to ¶ 2.13 below;

or

(iii)   The Action has ended without (a) the Court's approval of this Settlement

and Stipulation or any material part of it and (b) the Court's entering the

Judgment in any material respect.

1.43    "The Company" means The Medicines Company and any and all of its

successors, subsidiaries, and affiliates, as well as any of its predecessors and their successors,

subsidiaries and affiliates.

**C.      The Settlement**

a.      **Settlement Consideration**

2.0     In consideration of the full and final settlement of the claims asserted in this

Action on the terms set forth in this Stipulation, the Company shall cause the Settlement Amount

to be deposited into the Settlement Fund within twenty-one (21) days after the Order of

Preliminary Approval has been entered.

2.1     Within ten (10) days after signing this Stipulation, Lead Counsel shall provide

Defendants' Counsel with wiring instructions and a Form W-9 for the Settlement Fund, and any

other documents reasonably required by the Defendants or Defendants' Counsel to process

funding of the Settlement Fund with the Settlement Amount.

2.2     The Company's sole financial obligation to Plaintiffs, Releasing Plaintiffs, and

Lead Counsel under this Stipulation shall be as set forth in ¶ 2.0.  The Company shall have no

other financial obligation.  Further, under no circumstances shall any Defendant, Releasing

Defendant Party (other the Company as specified herein) have any obligation to make any other

or greater payment to Plaintiffs, Releasing Plaintiffs, or Lead Counsel for any purpose pursuant to the Settlement. Released Defendants Parties, other than the Company as specified herein, shall have no financial obligation to Plaintiffs, Releasing Plaintiffs or Lead Counsel under this Stipulation and under no circumstances shall Released Defendant Parties have any obligation to make any payment to Plaintiffs, Releasing Plaintiffs, or Lead Counsel for any purposes pursuant or related to the Settlement.

b.      **The Escrow Agent**

2.3     The Settlement Funds shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. Defendants shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

c.      **Handling and Disbursement of Funds by the Escrow Agent**

2.4     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class as are consistent with the terms of this Stipulation. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants' Counsel and Lead Counsel.

2.5     No monies will be disbursed from the Settlement Fund until after the Effective Date except as provided in ¶¶ 2.7–2.9 regarding the Notice & Administration Fund, ¶ 2.10 regarding Taxes, and ¶ 7.1 regarding attorneys' fees and expenses.

2.6     All funds held by the Escrow Agent shall be and be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to this Stipulation and/or further order of the Court.

d.      **Notice & Administration Fund**

2.7     Within seven (7) days after payment of the Settlement Amount into the Settlement Fund, the Escrow Agent shall establish a Notice & Administration Fund and may deposit up to $250,000 from the Settlement Fund in it. The Notice & Administration Fund may be invested and earn interest as provided for in this Stipulation, and references in this Stipulation to the Notice & Administration Fund shall include such interest.

2.8     The Notice & Administration Fund shall be used by the Escrow Agent to pay Notice & Administration Costs. If Notice & Administration Costs exceed $250,000, any such additional costs and expenses shall, subject to approval of the Court, be transferred from the Settlement Fund to the Notice & Administration Fund. Any residual monies held in the Notice & Administration Fund upon the completion of notice and claims administration for the Settlement shall be transferred to the Settlement Fund.

2.9     The Notice & Administration Fund shall not be used to pay any fees for services provided by Lead Counsel or any of its affiliates. The Escrow Agent shall maintain a record of all funds disbursed. The Released Defendant Parties shall have no obligation to pay any expenses

associated with the Notice & Administration Fund. In no event shall the Released Defendant Parties be responsible to pay any amount for costs of notice and administration.

      e.    **Taxes**

2.10

(a)    The Settling Parties and the Escrow Agent agree to treat the Escrow Accounts as "qualified settlement funds" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent, as administrator of the Escrow Accounts within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.10, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Notice & Administration Fund and Settlement Fund (including without limitation the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in ¶ 2.10(a)) shall be consistent with this ¶ 2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)    All Taxes and Tax Expenses relating to the income earned by the Notice & Administration Fund and Settlement Fund shall be paid out of the Settlement Fund.

(d)     Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court.

(e)     Defendants, Defendants' Counsel, Plaintiffs, and Lead Counsel shall have no liability or responsibility for Taxes or Tax Expenses. The Escrow Agent shall indemnify and hold each of the Defendants, Defendants' Counsel, Plaintiffs, and Lead Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

(f)     The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)). Neither Defendants, Defendants' Counsel, Plaintiffs, nor Lead Counsel are responsible therefor, nor shall they have any liability with respect thereto.

(g)     The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.10. Defendants' Counsel agree to promptly provide the Escrow Agent with the statement described in Treasury Regulation §1.468B-3(e).

### f.     **Termination of Settlement**

2.11     The Defendants shall, acting collectively, have the right to terminate the Settlement and this Stipulation by providing written notice through counsel of their election to do so to all other Settling Parties within thirty (30) days of: (a) the Court's denial of Lead Plaintiff's motion for preliminary approval of the Settlement in any material respect without leave to amend

and resubmit; (b) the Court's refusal to approve this Stipulation or any material part of it without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect without leave to amend and resubmit; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

2.12    The Defendants shall also, acting collectively, have the right to terminate the Settlement and this Stipulation pursuant to the terms of the Settling Parties' separate Supplemental Agreement, which is executed concurrently herewith and sets forth certain conditions under which Defendants, acting collectively and in their sole discretion, shall have the option to terminate this Stipulation and Settlement.  The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or otherwise provided in the Supplemental Agreement) unless and until a dispute arises among the Settling Parties concerning its interpretation or application.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Supplemental Agreement submitted to the Court in camera.  Nothing herein shall permit Defendants from complying with the Class Action Fairness Act of 2005 (including 28 U.S.C. § 1715).

2.13    Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice through counsel of his election to do so to all other Settling Parties within thirty (30) days of: (a) the Court's denial of Lead Plaintiff's motion for preliminary approval of the Settlement in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part of it without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect without leave to

amend and resubmit; (d) the Company's failure to cause the Settlement Amount to be deposited into the Settlement Fund within twenty-one (21) days after the Order of Preliminary Approval has been entered; or (e) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

2.14    Any decision with respect to any Plan of Allocation, Fee and Expense Award, or Compensatory Award shall not be considered material to this Stipulation and shall not be grounds for exercising the rights termination set forth in ¶¶ 2.11 and 2.13.

### D.    Class Certification

3.0    Solely for the purpose of this Settlement, the Settling Parties hereby stipulate to certification of the Class under Federal Rule of Civil Procedure 23(b)(3), appointment of Lead Plaintiff as the representative for the Class; and appointment of Lead Counsel as counsel for the Class pursuant to Rule 23(g) of the Federal of Rules of Civil Procedure. The certification of the Class shall be binding only with respect to the Settlement and only if the Judgment becomes Final. If the Settlement is Terminated, Defendants reserve their rights to assert objections and defenses to certification of any class, and none of the Settling Parties, Releasing Plaintiffs, or any other Person shall suggest in the Action or any subsequent related action that any inference of any kind should be drawn from the Class proposed in this Stipulation.

### E.    Court Approval

#### a.    Preliminary Approval Order

4.0    No later than 45 days after execution of this Stipulation, Lead Counsel and Defendants' Counsel shall jointly submit this Stipulation together with its Exhibits to the Court and shall request entry of an Order of Preliminary Approval (substantially in the form of Exhibit A) that will, *inter alia*, (1) grant preliminary approval to the Settlement; (2) certify the Class for settlement purposes only; (3) authorize dissemination of Notice and Publication Notice

substantially in the respective forms of Exhibits B and C hereto, along with provision of a Proof of Claim substantially in the form of Exhibit D; and (4) schedule the Final Approval Hearing no later than 100 days after the entry of the Order of Preliminary Approval.

4.1    The Notice shall describe the Settlement; the proposed Plan of Allocation; the requests for a Fee and Expense Award for Lead Counsel and a Compensatory Award for Lead Plaintiff (consistent with ¶¶ 7.0–7.5); the date of the Final Approval Hearing; Class Members' rights to opt out, object, or otherwise be heard with regard to these matters; and Class Members' opportunity to file claims upon the Settlement Fund. The Stipulation of Settlement, Notice, Proof of Claim Form, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

4.2    Within fourteen (14) days after the Court enters an Order of Preliminary Approval, the Company at its expense shall provide or cause to be provided to the Claims Administrator transfer records sufficient to identify Class Members, to the extent reasonably possible.

b.    **Final Approval Hearing**

4.3    Following dissemination of Notice to the Class Members, the Court shall hold the Final Approval Hearing to consider whether to approve the Settlement, approve the Plan of Allocation, award a Fee and Expense Award to Lead Counsel, and award a Compensatory Award to Lead Plaintiff. Lead Counsel and Defendants shall submit papers in support of the foregoing matters no later than twenty-eight (28) days before the Final Approval Hearing.

4.4    Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the matters set forth in ¶¶ 2.0–7.5 must effect service on Lead Counsel no later than twenty-one (21) days before the Final Approval Hearing its objection in the manner set forth in ¶

4.5 below; *provided however*, that a Class Member who submits a Request for Exclusion shall not be able to submit an objection.

4.5     The statement of objection of the Class Member shall state (i) whether the Class Member is a Class Member, (ii) which part of this Stipulation the Class Member objects to and (iii) the specific reason(s), if any, for each such objection made by the Class Member, including any legal support the Class Member wishes to bring to the Court's attention. Such Class Member shall also provide documentation sufficient to establish all purchases, acquisitions and sales of Common Stock during the Class Period (including the number of shares and prices). Failure to provide such information and documentation shall be grounds to void the objection.

4.6     Any Class Member who fails to comply with any of the provisions of ¶¶ 4.4–4.7 shall waive and forfeit any and all rights he, she or it may otherwise have to appear separately at the Final Approval Hearing and/or to object to this Stipulation, and shall be bound by all the terms of this Stipulation, and by all proceedings, orders and judgments in the Action.

4.7     Any objector shall be subject to the jurisdiction of the Court and may be deposed by Lead Counsel.

4.8     Lead Counsel shall file all objections with the Court no later than fourteen (14) days before the Final Approval Hearing. All papers in opposition to any objections, and in further support of the foregoing matters shall be filed by the Settling Parties by that time as well.

4.9     At the Final Approval Hearing, the Settling Parties shall request that the Court enter a Judgment.

c.     **Requests for Exclusion**

4.10     Any Person falling within the definition of the Class may be excluded from the Class by submitting to the Claims Administrator a request for exclusion ("Request for

Exclusion"), which complies with the requirements set forth in the Order of Preliminary Approval and is received no later than the Court-ordered date. All Persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment. However, a Class Member may submit a written revocation of a Request for Exclusion up until seven (7) days before the date of the Final Approval Hearing and receive payments pursuant to this Stipulation and Settlement, provided the Class Member also submits a valid Proof of Claim (as set forth in ¶ 6.3(i) below) before the Bar Date.

      **F.**     <u>**Releases, Covenants Not to Sue, and Permanent Injunction**</u>

      5.0     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as to Released Defendant Parties and any and all Released Claims.

      5.1     By operation of this Stipulation and the Judgment, upon the Effective Date, Releasing Plaintiffs shall have and shall be deemed to have fully, finally and forever released, relinquished and discharged each and every one of the Released Claims against the Released Defendant Parties, whether or not any such Releasing Plaintiff executes and delivers a Proof of Claim.

      5.2     Further, by operation of this Stipulation and the Judgment, upon the Effective Date, Releasing Plaintiffs shall have and shall be deemed to have covenanted not to sue on any Released Claim against any Released Defendant Party.

      5.3     Further, by operation of this Stipulation and the Judgment, upon the Effective Date, Releasing Plaintiffs shall be and shall be deemed to be permanently enjoined and forever barred from suing on, instituting, prosecuting, continuing, maintaining or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Released Claim against any of the Released Defendant Parties.

**G.    Proof of Claim**

5.4    Only those Class Members filing valid and timely Proof of Claim and Release

forms shall be entitled to participate in the Settlement and receive a distribution from the

Settlement Fund. The Proof of Claim and Release to be executed by Class Members shall release

all Released Claims against the Released Defendant Parties, and shall be substantially in the

form contained in Exhibit D attached hereto. Such Proof of Claims shall be filed ten (10) days

from the date of the Final Approval Hearing, unless otherwise ordered by the Court. All Class

Members not submitting valid and timely requests for exclusion shall be bound by the releases

specified in ¶ 5.0, whether or not they submit a valid and timely Proof of Claim and Release.

**H.    Claims Administration and Distribution of the Settlement Fund**

6.0    The Claims Administrator shall administer and calculate the claims submitted by

Class Members and shall oversee distribution of the Net Settlement Fund to Authorized

Claimants. The distribution checks will be drawn upon the Settlement Fund.

6.1    Defendants and their insurance carriers shall have no involvement in reviewing or

challenging claims and shall have no responsibility or liability for the allocation of the

Settlement Fund among the Class Members or the allocation of any Fee and Expense Award or

Compensatory Award. Any such awards shall be paid solely by the Settlement Fund.

6.2    The Settlement Fund shall be applied as follows:

(i)    To pay Taxes and Tax Expenses;

(ii)    To pay Notice & Administration Costs;

(iii)    To pay a Fee and Expense Award to Lead Counsel as provided in ¶ 7.1, to the

extent allowed by the Court;

(iv)    To pay a Compensatory Award to Lead Plaintiff as provided in ¶ 7.5, to the extent

allowed by the Court; and

     (v)     Upon court approval, to distribute the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

6.3     Upon the entry of the Judgment and thereafter, subject to ¶¶ 2.4–2.6 and in accordance with the terms of the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

     (i)     Each Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit D hereto, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim or such other documents or proof, as are reasonably available to the Authorized Claimant, as Lead Counsel, in their discretion, may deem acceptable, no later than five (5) days before the Final Approval Hearing, unless otherwise ordered by the Court;

     (ii)     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release by the Bar Date, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the Releases, and the Judgment and will be barred and enjoined from bringing any action against the Released Defendant Parties concerning the Released Claims.

6.4     No Person shall have any claim against Plaintiffs, Lead Counsel, Defendants, Defendants' Counsel, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in

accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

6.5     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator under the supervision of Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to such not-for-profit as the Court may direct and approve.

6.6     This is not a claims-made settlement. If all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants or their insurance carriers.

6.7     The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the administration, management, investment, allocation or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes or Tax Expenses.

6.8     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an

Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

**I.     Attorneys' Fees and Expenses and Lead Plaintiff's Compensatory Award**

7.0     Lead Counsel may submit an application or applications (a "Fee and Expense Application") for payments to Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including the fees and expenses of experts or consultants, incurred in connection with prosecuting the Action. Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

7.1     Any award of attorneys' fees, costs, and expenses approved by the Court ("Fee and Expense Award") shall be payable to Lead Counsel from the Settlement Fund within ten (10) days after the entry of the Court's order awarding such fees and expenses, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the joint and several obligation of all counsel who receive any award of attorneys' fees and costs to make full refunds or repayments to the Settlement Fund plus interest earned thereon if, as a result of any appeal and/or further proceedings on remand or successful collateral attack, the award is lowered or the Settlement is disapproved by a final order.

7.2     If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel shall make all necessary refunds and repayments into the Settlement Fund within five (5) days of

a final order by the Court of Appeals or the Supreme Court directing such reduction or reversal, which shall be distributed by the Escrow Agent to the Class pursuant to the manner directed in the final order.

Lead Counsel further agrees to refund any Fee and Expense Award paid to Lead Counsel in the event that this Settlement Terminates ; in such situation, payment of all of the Fee and Expense Award shall be made by Lead Counsel into the Settlement Fund within five (5) days thereof, and shall thereafter be distributed by the Escrow Agent pursuant to the terms of ¶ 8.2(iii).

7.3     The procedure for and allowance or disallowance by the Court of any application by Lead Counsel for attorneys' fees and expenses, including the fees and expenses of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to a Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

7.4     Defendants agree that they will not oppose Lead Counsel's Fee and Expense Application or Lead Plaintiff's application for a Compensatory Award.

7.5     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to:

(i)     the allocation of any attorneys' fees or costs among any counsel or to any other Person;

(ii)    any payment to Lead Counsel or any other Plaintiffs' Counsel and/or any other Person who receives payment from the Settlement Fund;

(iii)    the allocation among Lead Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action; or

(iv)    any obligation of Lead Counsel to make appropriate refunds or repayments to the Settlement Fund or interest earned thereon.

7.6    Lead Counsel may submit an application to the Court to authorize the payment of an award from the Settlement Fund to Lead Plaintiff for his service to the Class in this Action ("Compensatory Award"). Subject to the payment terms in ¶ 2.0, payment for any Compensatory Award payable in cash shall be payable to Lead Plaintiff five (5) days after the Effective Date.

**J.**    **Effect of Disapproval, Cancellation or Termination**

8.0    The Effective Date of the Stipulation shall be conditioned upon the occurrence of all of the following events:

(i)    The Company has caused the contributions to be made to the Settlement Fund pursuant to ¶ 2.0;

(ii)    the Court has approved the Settlement following notice to the Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure

(iii)    the Court has entered the Judgment; and

(iv)    the Judgment has become Final.

Any appeal or delay in (a) the approval of the Plan of Allocation, (b) the consideration of any Fee and Expense Application, or (c) the granting of a Compensatory Award to Lead Plaintiff, shall not affect, alter, or delay the occurrence of the Effective Date.

8.1     Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation. The Settlement Fund shall be distributed in accordance with ¶ 6.2 hereof.

8.2     Unless otherwise ordered by the Court, if the Settlement  Terminates

(i)     The Settlement and the Stipulation shall be canceled and terminated without prejudice to the Settling Parties and shall be null and void and shall have no further force or effect, with the exceptions provided in this ¶ 8.2;

(ii)    The Settling Parties shall revert to their respective positions in the Action as of October 30, 2015 and, except as otherwise provided herein, the Settling Parties shall proceed in all respects as if the Stipulation and any related orders had not been entered.

(iii)   Within five (5) days after written notification that the Settlement has Terminated is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, subject to the terms of ¶ 2.10 hereof, the Settlement Amount (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to ¶¶ 2.4–2.7 hereof, or are determined to be chargeable to the Settlement Fund or the notice and administration of the Settlement pursuant to ¶ 2.8 hereof, shall be refunded by the Escrow Agent to the appropriate sources of the funds in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from Defendants' Counsel. At the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed to the

Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, to the appropriate source.

(iv)     With the exception of ¶¶ 1.0–1.43; 8.2; 9.0–9.2 hereof, no provision of the Stipulation shall have no further force and effect and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

(v)      Neither Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Notice & Administration Fund. In addition, any reasonable expenses already incurred and properly chargeable to the Notice & Administration Fund pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation before the balance being refunded in accordance with ¶ 8.2.

**K.**     **Miscellaneous Provisions**

9.0     The Defendants deny any wrongdoing whatsoever, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Defendants with respect to any claim of any fault or liability or wrongdoing or damage

whatsoever, or any infirmity in any defenses that Defendants have asserted or could assert in the Action or any other action.

9.1    This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(i)    shall not be offered or received against any Released Defendant Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Defendant Party with respect to the truth of any fact alleged by Releasing Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any other action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other action, or of any liability, negligence, fault, or wrongdoing of any Released Defendant Party; provided, however, that if this Stipulation is approved by the Court, the Released Defendant Parties may offer or refer to it to effectuate its terms, including the releases granted them hereunder;

(ii)   shall not be offered or received against any Released Defendant Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Defendant Party; and

(iii)  shall not be construed against any Released Defendant Party as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

9.2    The Settling Parties, and each of them, shall not assert or pursue any action, claim or rights that any party hereto violated any provision of Federal Rule of Civil Procedure 11 or

otherwise seek reimbursement or shifting of attorneys' fees or other costs associated with this litigation. Further, the Settling Parties, and each of them, will not deny in any statement made to any media representative that the Action is being settled voluntarily after consultation with competent counsel. The Settling Parties, and each of them, and their respective counsel agree that the Action was resolved in good faith, following arm's length bargaining.

     9.3    The Settling Parties acknowledge that it is their intent to consummate this agreement; and agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation. Lead Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

     9.4    The Settling Parties intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the Action as well as any disputes which could have been raised in the Action by Plaintiffs or the Class against the Released Defendant Parties, and each or any of them, on the one hand, and by the Released Defendant Parties, and each or any of them, against Plaintiffs or the Class, on the other hand. Accordingly, the Settling Parties agree not to assert in any forum or, in any statement made to any media representative (whether or not for attribution) that the Action was brought by Plaintiffs or defended by any the Defendants, or each or any of them, in bad faith or without a reasonable basis. The Judgment will contain a statement that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling

Parties further agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.5     Plaintiffs, Lead Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of this Action against the Defendants, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Defendants with respect to any matter relating to the subject matter of this Action, and (c) they will not discuss any confidential matters related to this Action or the Settlement with anyone.

9.6     Except as otherwise provided herein, all agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.7     The Memorandum of Understanding dated November 18, 2015 shall remain confidential after this Stipulation is filed with the Court.

9.8     Defendants agree to reasonable cooperation with Lead Counsel to the extent necessary to permit Lead Counsel to conduct additional due diligence and confirmatory discovery with respect to the factual and legal issues in the Action, the Settlement, and the fairness of its terms as set forth in the Stipulation.

9.9     If this Stipulation is approved by the Court, any of the Settling Parties or any of the Released Defendant Parties may file this Stipulation and/or Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or

reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.10    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.11    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Stipulation.

9.12    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.13    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settled Parties or their respective successors-in-interest.

9.14    This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Settling Party shall bear its own costs.

9.15    Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any Settling Party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.16    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Settling Parties to this Stipulation all exchange original signed counterparts.

{00186410;7 }                              33

9.17    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties, the Releasing Plaintiffs, and the Released Defendant Parties.

9.18    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit, and the Releasing Plaintiffs shall be deemed to submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

9.19    This Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice of law principles.

9.20    This Stipulation has been and shall be deemed to have been prepared by counsel for each of every Settling Party, as a result of arm's-length negotiations among the Settling Parties. Whereas all Settling Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one such party than another.

9.21    Whenever this Stipulation requires or contemplates that a Settling Party shall or may give notice to the other, notice shall be provided by electronic mail, or next-day (excluding Saturday and Sunday) express delivery service as follows and shall be and be deemed to be effective upon such transmission or delivery to the address set forth below:

If to Plaintiffs, then to:                    Jeremy A. Lieberman
                                              Murielle J. Steven Walsh
                                              **POMERANTZ LLP**
                                              600 Third Avenue 20th Floor
                                              New York, NY 10016
                                              jalieberman@pomlaw.com

mjsteven@pomlaw.com

Michael G. Bongiorno
**WILMER CUTLER PICKERING HALE
AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
michael.bongiorno@wilmerhale.com

If to Defendants, then to:

9.22   All time periods set forth herein shall be computed in calendar days unless

otherwise expressly provided. In computing any period of time prescribed or allowed by this

Stipulation or by order of the Court, the day of the act, event, or default from which the

designated period of time begins to run shall not be included. The last day of the period so

computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which case

the period shall run until the end of the next day that is not one of the aforementioned days. As

used in the preceding sentence, "legal holiday" includes New Year's Day, Martin Luther King,

Jr. Day, Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day,

Veterans' Day, Thanksgiving Day, Christmas Day, and any other appointed as a federal holiday.

9.23   The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated 2-12-2016.

POMERANTZ LLP

/s/

Jeremy A. Lieberman
Murielle J. Steven Walsh
600 Third Ave., 20th Floor
New York, NY 10016

*Attorneys for Lead Plaintiff*

WILMER CUTLER PICKERING HALE
AND DORR LLP

/s/

Michael G. Bongiorno
7 World Trade Center
250 Greenwich Street
New York, New York 10007

*Attorneys for Defendants*

# EXHIBIT B

**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
Jeffrey A. Shooman
570 Broad Street, Suite 1201
Newark, NJ 07102

**POMERANTZ LLP**
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, NY 10016

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, IL 60603

*Counsel for Lead Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WARREN H. SCHULER, Individually and
On Behalf of All Others Similarly Situated,

                              Plaintiff,

            v.

THE MEDICINES COMPANY,
CLIVE A. MEANWELL,
GLENN P. SBLENDORIO, and
PAUL M. ANTINORI,

                              Defendants.

**Case No. 2:14-cv-01149-CCC-MF**

<u>**CLASS ACTION**</u>

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the Settling Parties have applied under Federal Rule of Civil Procedure

23(e) for an order preliminarily approving the Settlement of this Action, under the terms and

conditions set forth in a Stipulation of Settlement dated February 12, 2016 (the "Stipulation");

WHEREAS, the Court has reviewed the Stipulation and the Exhibits annexed thereto.

Accordingly, it is hereby ORDERED:

1.      The Court preliminarily approves the Settlement as set forth in the Stipulation, subject to further consideration at the Final Approval Hearing. Unless otherwise defined, all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      The Court preliminarily certifies, for purposes of settlement only, the following Class:

> All persons who purchased or otherwise acquired the securities of The Medicines Company ("MDCO" or the "Company") between January 8, 2013 and February 12, 2014, both dates inclusive (the "Class Period").

Excluded from the Class are:

a.   Persons or entities who submit valid and timely requests for exclusion from the Class; and

b.   Defendants; the officers and directors of the Company at all relevant times; members of the immediate families of each Defendant; any person or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant; and the legal representatives, agents, heirs, successors or assigns of any such excluded party.

3.      On _____, at _____ __.m., a hearing (the "Final Approval Hearing") shall be held before this Court, at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom 2B, Newark, New Jersey 07101, for the following purposes:

a.   to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court;

b.   to determine whether a Judgment as provided in the Stipulation should be entered;

    c.  to determine whether the proposed Plan of Allocation should be approved;

    d.  to determine any amount of fees, costs and expenses that should be awarded to Lead Counsel and Lead Plaintiff for their service to the Class;

    e.  to hear any objections by Class Members to the Stipulation, Plan of Allocation, or any award of fees and expenses to Lead Counsel or to Lead Plaintiff; and

    f.  to consider such other matters as the Court may deem appropriate.

4.  The Court appoints for settlement purposes only the firm of Epiq Systems, Inc. (the "Claims Administrator") to supervise and administer the notice procedure and the processing of claims, as more fully set forth below:

    a.  The Defendants shall cooperate reasonably and in good faith in providing documents and information to assist Plaintiffs in identifying Class Members;

    b.  Not later than _____ (the "Notice Date"), Lead Counsel or the Claims Administrator shall cause a copy of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing ("Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website;

    c.  Not later than _____, the Claims Administrator shall cause the Notice of Settlement of Class Action and Settlement Fairness Hearing ("Publication Notice"), substantially in the form annexed as Exhibit A-3 hereto, to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service; and

d. Not later than twenty-eight (28) days before the Final Approval Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

5. Nominees who purchased or acquired MDCO securities for the benefit of another Person during the Class Period shall be requested to send the Notice and Proof of Claim to such beneficial owners of MDCO securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

6. The form and content of the notice program described herein, and the methods set forth herein for notifying the Class of the Settlement, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

7. Other than the cost of providing (or causing to be provided) transfer records sufficient to identify Class Members (to the extent reasonably possible) to the Claims Administrator, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund as set forth in ¶¶ 2.6–2.8 of the Stipulation, and in no event shall any of the Released Defendant Parties bear any responsibility for such fees, costs, or expenses.

8. All Releasing Plaintiffs (except Persons who request exclusion pursuant to ¶ 12 below) shall be bound by all determinations and judgments in the Action concerning the Settlement, including but not limited to the releases, covenants not to sue, and permanent injunctions provided for therein (whether favorable or unfavorable to the Class), regardless of whether such Persons seek or obtain by any means (including without limitation by submitting a Proof of Claim or any similar document) any distribution from the Settlement Fund or the Net Settlement Fund.

9. Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _____. Any Class Member who does not submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. Plaintiffs' Counsel shall not incur any liability for declining to accept any late-submitted claim.

10. The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court:

a. it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph;

b. it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker

account statements, an authorized statement from the broker containing the

transactional information found in a broker confirmation slip, or such other

documentation as is deemed adequate by Lead Counsel or the Claims

Administrator;

c.   if the person executing the Proof of Claim is acting in a representative capacity, a

certification of her current authority to act on behalf of the Class Member must be

included in the Proof of Claim;

d.   it must be complete and contain no material deletions or modifications of any of

the printed matter contained therein; and

e.   it must be signed under penalty of perjury.

11.     Any Class Member may enter an appearance in the Action, at his, her, or its own

expense, individually or through counsel of their own choice. If they do not enter an appearance,

they will be represented by Lead Counsel.

12.     Any Class Member may, upon request, be excluded or "opt out" from the Class.

Any such Person must submit to the Claims Administrator a request for exclusion ("Request for

Exclusion"), received no later than twenty-one (21) days before the Final Approval Hearing. A

Request for Exclusion must be signed and state: (a) the name, address, and telephone number of

the Person requesting exclusion; (b) the Person's purchases, acquisitions, sales, and dispositions

of MDCO securities during the Class Period, including the dates, the number of securities

purchased, acquired, or sold, and the price paid or received for each such purchase or sale; and

(c) that the Person wishes to be excluded from the Class. All Persons who submit valid and

timely Requests for Exclusion in the manner set forth in this paragraph, and who do not timely

revoke the Request for Exclusion in the manner set forth in the following paragraph, shall have

no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

13.     A Class Member may revoke a previously-submitted Request for Exclusion by submitting a written request to the Claims Administrator such that it is received no later than seven (7) days before the Final Approval Hearing. A revocation of a Request for Exclusion must be signed, must provide the Class Member's name, address, and telephone number, and must state that the Class Member wishes to revoke his or her Request for Exclusion.

14.     Lead Counsel shall cause to be provided to Lead Counsel and Defendants' Counsel copies of all Requests for Exclusion, and any written revocations of Requests for Exclusion, as expeditiously as possible and in any event not less than seventeen (17) days before the Final Approval Hearing for Requests for Exclusion and five (5) days before the Final Approval Hearing for revocations of Requests for Exclusion.

15.     Any Class Member may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why a Fee and Expense Award should not be granted, or why a Compensatory Award should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement (or, if approved, the Judgment to be entered thereon approving the same), or the order approving the Plan of Allocation, or any Fee and Expense Award or Compensatory Award, unless written objections and copies of any papers and briefs are received by Pomerantz LLP, Jeremy A. Lieberman, 600 Third Avenue, 20th Floor, New York, NY 10016; and Wilmer Cutler Pickering Hale and Dorr LLP, Michael G. Bongiorno, 7 World Trade Center, 250 Greenwich Street, New

York, New York 10007, on or before _____; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the District of New Jersey, on or before _____. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the Fee and Expense Award, and to the Compensatory Award, unless otherwise ordered by the Court.

16.     Attendance at the Final Approval Hearing is not necessary. However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, or Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing. Class Members do not need to appear at the Final Approval Hearing or take any action if they do not oppose any aspect of the Settlement.

17.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.     All papers in support of the Settlement, Plan of Allocation, and any Fee and Expense Application shall be filed and served no later than twenty-eight (28) days before the Final Approval Hearing, and any reply papers shall be filed and served no later than seven (7) days before the Final Approval Hearing.

19.     The Released Defendant Parties shall have no responsibility for the Plan of Allocation or any Fee and Expense Application, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation and any Fee and Expense Application proposed by Lead Counsel should be approved.

21.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶ 2.7 of the Stipulation.

22.     Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Parties or any other Released Defendant Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with a proceeding to enforce the terms of the Stipulation. The Released Defendant Parties, Releasing Plaintiffs, and each of their counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

23.     All proceedings in the Action are stayed. Pending final determination of whether the Settlement should be approved, no Releasing Plaintiff, either directly, representatively, or in

any other capacity, shall commence or prosecute against any of the Released Defendant Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

24.     The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Class Members, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 3 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.


DATED: _____          _____
                                       Honorable Claire C. Cecchi
                                       United States District Judge

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN H. SCHULER, Individually and On Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>          v.<br><br>THE MEDICINES COMPANY,<br>CLIVE A. MEANWELL,<br>GLENN P. SBLENDORIO, and<br>PAUL M. ANTINORI,<br><br>                      Defendants. | **Case No. 2:14-cv-01149-CCC-MF**<br><br><br>**<u>CLASS ACTION</u>** |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING

If you purchased or otherwise acquired securities of The Medicines Company ("MDCO" or the "Company") between January 8, 2013 and February 12, 2014, both dates inclusive (the "Class Period"), you could be entitled to a payment from a class action settlement (the "Settlement").

***A federal court authorized this Notice. It is not a solicitation from a lawyer.***

- The Court will hold a Settlement Hearing on _____ to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide $4,250,000, plus interest earned thereon (the "Settlement Amount"), to pay claims of investors who purchased or otherwise acquired MDCO securities during the Class Period.

- The Settlement represents an average recovery of $0.13 per share of MDCO stock for the estimated 33.6 million shares that Lead Plaintiff alleges were damaged and declined in value as a result of Defendants' alleged misconduct during the Class Period.[1] This estimate solely reflects the average recovery per MDCO share before deducting attorney fees and expenses. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Class Members, the date(s) you purchased and sold MDCO securities, and the total number of valid claims filed. See the Plan of Allocation on p. 12 below for more details.

---

[1] All recoveries per share estimated are exclusive of the 1% of the Net Settlement Fund that has been allocated for potential claims based on losses resulting from options transactions. See the Plan of Allocation at p. 12.

- To claim your share of the Settlement, you must submit a valid Proof of Claim and Release form by _____.

- Attorneys for the Lead Plaintiff ("Lead Counsel") intend to ask the Court to award them fees of up to 33% of the Settlement Amount and reimbursement of up to $32,500 in litigation expenses. Since the Action's inception, Lead Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent-fee basis and advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel also intends to ask the Court to grant Lead Plaintiff an award not to exceed $3,500. Collectively, the attorneys' fees and litigation expenses and the award to Lead Plaintiff are estimated to average $0.04 per damaged MDCO share. The average cost per damaged share will vary depending on the number of acceptable Proofs of Claim submitted. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The approximate recovery, after the deduction of attorneys' fees and expenses approved by the Court, is an average of $0.08 per damaged MDCO share. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will vary depending on your purchase price and sales price and the number of valid Proof of Claim forms filed.

- The Settlement resolves the lawsuit concerning whether Defendants violated the federal securities laws by allegedly issuing materially false and misleading statements. All Defendants in the action deny the allegations in the lawsuit and deny any wrongdoing. Defendants and Plaintiffs disagree on liability and on how much money the investors could have won if they prevailed at trial. Plaintiffs believe that, if they prevailed on all their claims and the Court accepted their theory of damages, that they would have been able to collect a substantial amount of monies, before deductions for fees and expenses and assuming that the full amount of the judgment was collectable. Defendants believe that they have not engaged in any wrongdoing, committed any violation of law, or acted improperly in any way. They expressly have denied and continue to deny all charges of wrongdoing, fault or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on any claim you might have. Therefore, you should read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. Proof of Claim forms must be postmarked or submitted online by _____. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against any Released Defendant Party about the legal claims in this case. Requests for Exclusion must be received by _____. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Class. Objections must be received by the Court and counsel by _____. |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by the Court and counsel by _____. |
| **DO NOTHING** | Get no payment. Give up your rights. |

## INQUIRIES

For further information regarding the Action or this Notice or to review the Stipulation and Agreement of Settlement, please contact the Claims Administrator toll-free at (XXX) XXX-XXXX or at www.epiqsystems.com. You may also contact representatives of counsel for the Class at Pomerantz LLP, 600 Third Ave., 20th Floor, New York, NY 10016, (212) 661-1100, http://pomerantzlawfirm.com. **Please do not contact the Court or Defendants regarding this Notice**.

## BASIC INFORMATION

**1.      Why did I get this notice package?**

You or someone in your family may have purchased or otherwise acquired MDCO securities between January 8, 2013 and February 12, 2014 (the "Class Period").

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this class-action lawsuit and about all of their options before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after objections and appeals—if any—are resolved, the Claims Administrator appointed by the Court will make the payments provided for in the Settlement.

| 2. | **What is this lawsuit about?** |
|---|---|

This case is known as *Schuler v. The Medicines Co., et al.*, Case No. 2:14-cv-01149-CCC-MF (the "Action"). The United States District Court for the District of New Jersey is in charge of the Action and the case has been assigned to the Honorable Claire C. Cecchi. The individual representing the Class is the "Lead Plaintiff," and the company and individuals he sued and who have now settled are called the Defendants.

This Action brings claims against The Medicines Company ("MDCO" or the "Company"); Clive A. Meanwell, the Company's Chief Executive Officer and Chairman; Glenn P. Sblendorio, the Company's former Chief Financial Officer, Treasurer, and Director; and Paul M. Antinori, the Company's former Senior Vice President, General Counsel, and Secretary.

MDCO is a pharmaceutical company that provides medical solutions to acute- and intensive-care hospitals worldwide, focusing on acute cardiovascular care, surgery and perioperative care, and serious infectious disease care. During the Class Period, one of its most promising prospects was cangrelor, an anti-platelet blood thinner designed to prevent clotting during percutaneous coronary intervention ("PCI"), also known as coronary angioplasty. PCI is a non-surgical procedure used to open an obstructed coronary artery by inserting a balloon-tipped catheter into the artery and then inflating the balloon at the obstruction site. Usually, PCI also includes the placement of a small tube (a stent) to keep the artery open.

Lead Plaintiff asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5. Lead Plaintiff alleges that, between January 8, 2013 and February 12, 2014, Defendants made false and misleading statements about cangrelor, the conduct and results of its final clinical trial, and its prospects for FDA approval. Lead Plaintiff further alleges that investors were harmed on February 10, 2014, when the FDA released Briefing Documents criticizing the cangrelor drug trial and on February 12, 2014, when the FDA advisory panel voted to recommend against approving cangrelor.

| 3. | **Why is this a class action?** |
|---|---|

In a class action, one or more people called plaintiffs sue on behalf of people who have similar claims. All of the people with similar claims are referred to as a class or class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | **Why is there a settlement?** |
|---|---|

This Action has been litigated since February 2014. This Action has not gone to trial, and the Court has not decided in favor of either side. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation.

Lead Plaintiff and Lead Counsel believe that the Settlement provides the Class with a benefit now, instead of after years of further uncertain litigation, and is in the best interests of all Class Members in light of the real possibility that continued litigation could result in no recovery at all. Continuing to litigate the case would require all parties to expend substantial resources. If the Action continued, fact discovery would be extremely expensive, both sides would likely engage expert witnesses, and Lead Plaintiff believes that much of the proof would be highly technical, making the outcome of any trial unpredictable.

Defendants have denied and continue to deny each and all of the allegations made and claims brought by Lead Plaintiff and maintain that they have meritorious defenses. Defendants have also denied and continue to deny, *inter alia*, the allegations that Lead Plaintiff or the Class have suffered damages, that the prices of MDCO securities were artificially inflated by reason of alleged misrepresentations, non-disclosures, or otherwise, or that Lead Plaintiff or the Class were harmed by the conduct alleged. Nonetheless, Defendants have concluded that further litigation of this Action would be protracted and expensive and that the Action should be fully and finally settled under the terms and conditions of this Settlement.

The Settlement shall in no event be construed as, or deemed to be evidence of, an admission or concession by Released Defendant Parties with respect to any claim of any fault or liability or wrongdoing or damage to the Class Members in this Litigation.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the Settlement? |
|----|----------------------------------------------|

The Class includes all persons or entities that purchased or otherwise acquired MDCO securities[2] between January 8, 2013 and February 12, 2014, except those persons and entities that are excluded, as described below.

If one of your mutual funds own MDCO securities, that alone does not make you a Class Member. You are a Class Member only if you directly purchased or otherwise acquired MDCO securities during the Class Period. Contact your broker to see if you have made any of these purchases.

---

[2]     For a list of MDCO securities for which an Authorized Claimant may be entitled to receive a distribution from the Net Settlement Fund, see the Plan of Allocation below.

If you sold MDCO securities during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you purchased or otherwise acquired MDCO securities during the Class Period.

| 6. | Are there exceptions to being included? |
|---|---|

Yes. You are not a Class Member if you are a Defendant; a member of a Defendant's immediate family; a Defendant's legal representative, heir, predecessor, successor, or assign; a current or former director or officer of the Company during the Class Period; any entity in which any Defendant has or had a controlling interest or which is related to or affiliated with any Defendant; or the legal representative, agent, heir, successor, or assign of any such excluded party. Also, if you validly exclude yourself from the Class in accordance with the requirements set forth below, you are not a part of the Class.

| 7. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at (800) 327-3664, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | What does the Settlement provide? |
|---|---|

In exchange for the Settlement and the release of the Released Claims (defined below) as well as dismissal of the Action, Defendants have agreed that a payment of $4.25 million will be made by Defendants (or on their behalf) to be divided, after taxes, fees, and expenses, *pro rata* among all Class Members who send in a valid Proof of Claim form.

| 9. | How much will my payment be? |
|---|---|

Your share of the fund will depend on several factors, including the following: how many Class Members submit timely and valid Proof of Claim forms; the total Recognized Losses (as defined in the Plan of Allocation below) represented by the valid Proof of Claim forms that the Class Members send in; the number of MDCO securities that you purchased or acquired during the Class Period; how much you paid for them; when you purchased them; and if you sold them and for how much.

By following the instructions in the Plan of Allocation, you can calculate what is called your Recognized Loss. It is unlikely that you will get a payment for all of your Recognized Loss. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a

part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses. See the Plan of Allocation at page 13 for more information.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 10. | **How can I get a payment?** |
|---|---|

To qualify for a payment, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice and may be downloaded at www.epiqsystems.com. Read the instructions carefully, fill out the Proof of Claim form, include all the documents that the form asks for, sign it, and mail or submit it online so that it is postmarked or received no later than _____. The claim form may be submitted online at www.epiqsystems.com.

| 11. | **When would I get my payment?** |
|---|---|

The Court will hold a Settlement Hearing on _____ to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | **What am I giving up to get a payment or to stay in the Class?** |
|---|---|

Unless you exclude yourself, you will remain a Class Member, and this means that, if the Settlement is approved, you will give up all "Released Claims," including "Unknown Claims," against the "Released Defendant Parties" (as all of these terms are defined below):

- "Released Claims" means and includes any and all claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, rights of recovery, duties, judgments, actions, sums of money, suits, contracts, agreements, promises, damages, causes of action, and liabilities of any and every kind, description, and nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, foreign, statutory, common, administrative, or any other law, statute, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (i) asserted in the Action; (ii) that any Releasing Plaintiff could have asserted in the Action, including those concerning, arising from or out of, relating

to, in connection with, or based on statements Plaintiffs allege in the Action were false or misleading, or any of the alleged acts, commissions, omissions, representations, facts events, matters, transactions, or occurrences asserted in or relating to the Action; or (iii) that arise from or out of, related to, are in connection with, or are based on any Releasing Plaintiffs' purchase, acquisition, disposition, or sale of, MDCO securities from January 8, 2013 and February 12, 2014, that were or might have been asserted on behalf of themselves, their heirs, executors, administrators, successors, and assigns against Released Defendant Parties, or any of them.  However, Released Claims do not include: (1) claims to enforce the Settlement, and (2) shareholder derivative claims already asserted or to be asserted in any action.

- "Released Defendant Parties" means Defendants The Medicines Company, Clive A. Meanwell, Glenn P. Sblendorio, and Paul M. Antinori, collectively and each of them; each of any Defendant's past or present directors, officers, employees, partners, principals, members, insurers, co-insurers, re-insurers, controlling shareholders, attorneys, advisors, accountants, auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, estates, executors, administrators, heirs, or related or affiliated entities; any entity in which any Defendant has a controlling interest; any member of any Defendant's immediate family, including past, present, or future children, stepchildren, parents, stepparents, spouses (including husbands, wives, and partners in a state-recognized domestic relationship or civil union), siblings, parents-in-law, and siblings-in-law; and any trust of which any Defendant is the settlor or which is for the benefit of any member of an Defendant's immediate family, including past, present, or future children, stepchildren, parents, stepparents, spouses (including husbands, wives, and partners in a state-recognized domestic relationship or civil union), siblings, parents-in-law, and siblings-in-law.

- "Unknown Claims" means and includes any and all claims that one or more Releasing Plaintiff does not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendant Parties.  This includes claims which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Defendant Parties, or might have affected his, her or its decision(s) with respect to the Settlement and the Released Claims, including his, her, or its decision to object or not to object to this Settlement. The Settling Parties expressly acknowledge, and the Releasing Plaintiffs by operation of the Judgment shall have, and shall be deemed to have expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of

common law that is or is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs, Releasing Plaintiffs, or Released Defendant Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs and Defendants expressly, fully, finally, and forever settle and release, and each other Releasing Plaintiff and Released Defendant Party shall be deemed to have settled, released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties expressly acknowledge, and each other Releasing Plaintiff and Released Defendant Party by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and a material element of the Settlement.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and you want to keep the right to sue any Released Defendant Party on your own about the legal issues in this case, then you must take steps to remove yourself from the Settlement. This is called excluding yourself—sometimes referred to as "opting out."

| 13. | **How do I get out of the proposed Settlement?** |
|-----|---------------------------------------------------|

To exclude yourself from the Class, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *MDCO Securities Litigation*." Your letter must include the date(s), price(s), and number(s) of all purchases and sales of MDCO securities during the Class Period. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **received no later than** _____ **to**:

*MDCO Securities Litigation*
Claims Administrator
P.O. Box _____
Portland, OR 97208-_____

If you have submitted a Request for Exclusion and later wish to revoke it, you may do so by submitting a written request to the Claims Administrator such that it is received no later than seven (7) days before the Final Approval Hearing. A revocation of a Request for Exclusion must be signed, must provide the Class Member's name, address, and telephone number, and must state that the Class Member wishes to revoke his or her Request for Exclusion.

| | |
|---|---|
| 14. | If you ask to be excluded and do not timely revoke your request, you will not get any payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties in the future. **If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?** |

No. Unless you exclude yourself, you give up any rights to sue any Released Defendant Parties for any and all Released Claims. If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from this Action to continue your own lawsuit. Remember, the exclusion deadline is _____.

| | |
|---|---|
| 15. | **If I exclude myself, can I get money from the proposed Settlement?** |

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money. But you may sue or be part of a different lawsuit against the Released Defendant Parties.

**THE LAWYERS REPRESENTING YOU**

| | |
|---|---|
| 16. | **Do I have a lawyer in this case?** |

The Court ordered that the law firm of Pomerantz LLP represent the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| | |
|---|---|
| 17. | **How will the lawyers be paid?** |

Lead Counsel will move the Court for an award of attorneys' fees in an amount not greater than 33 percent of the Settlement Fund and for expenses and costs in an amount not to exceed $30,000 in connection with the litigation, plus interest on such fees, costs, and expenses at the same rate earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.

{00186477;6 }                                 - 10 -

**OBJECTING TO THE SETTLEMENT**

| 18. | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Class Member, you can object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee, cost, and expense application. You can write to the Court setting out your objection. The Court will consider your views. To object, you must send a signed letter saying that you object to the proposed Settlement in the *MDCO Securities Litigation*. Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of MDCO securities during the Class Period that you purchased or otherwise acquired during the Class Period, and state the reasons why you object to the proposed Settlement. Your objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is **received no later than _____:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of New Jersey<br>Martin Luther King Building &<br>U.S. Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07101 | Jeremy A. Lieberman<br>POMERANTZ LLP<br>600 Third Avenue<br>20th Floor<br>New York, NY 10016 | Michael G. Bongiorno<br>WILMER CUTLER<br>PICKERING HALE AND<br>DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007 |

| 19. | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to.

| 20. | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing at _____, at _____ _.m., at the United States District Court for the District of New Jersey in the Martin Luther King

Building & U.S. Courthouse, 50 Walnut Street, Courtroom 2B, Newark, New Jersey 07101, for the following: to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether an Order and Final Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs, and expenses that should be awarded to Plaintiffs' Counsel and Plaintiffs for their service to the Class; to hear any objections by Class Members to the Stipulation or Plan of Allocation or any award of fees and expenses to Plaintiffs' Counsel or to Plaintiffs; and to consider such other matters as the Court may deem appropriate.

If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel. After the Settlement Hearing, the Court will decide whether to approve the Settlement.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed.

| 21. | **Do I have to come to the hearing?** |
|---|---|

No. Lead Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | **May I speak at the hearing?** |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement saying that it is your "intention to appear in the *MDCO Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

**IF YOU DO NOTHING**

| 23. | **What happens if I do nothing at all?** |
|---|---|

If you do nothing, you will get no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Released Defendant Parties about the legal issues in this case, ever again.

**GETTING MORE INFORMATION**

| 24. | **Are there more details about the proposed Settlement?** |
|---|---|

This Notice summarizes the proposed Settlement. More details are in a Stipulation of Settlement dated February 12, 2016 (the "Stipulation"). The Stipulation is the controlling document describing the proposed Settlement and its terms govern anything to the contrary in this Notice. You can get a copy of the Stipulation and obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at (XXX) XXX-XXXX. A copy of the Stipulation is also available on the Claims Administrator's website at www.epiqsystems.com.

| 25. | **How do I get more information?** |
|---|---|

For even more detailed information concerning the matters involved in this Action, reference is made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other papers filed in the Action, which will be posted on the settlement website www.epiqsystems.com, and which may be inspected at the Office of the Clerk of the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101, during regular business hours. For a fee, all papers filed in this Action are available at www.pacer.gov.

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

The Settlement Amount of $4.25 million and any interest earned thereon shall be the "Settlement Fund." The Settlement Fund, less all taxes, approved costs, fees, and expenses (the "Net Settlement Fund") will be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants").

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The calculations made pursuant to the Plan of Allocation are generally based upon the measure of damages set forth in Section 10(b) of the

Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission.

MDCO securities for which an Authorized Claimant may be entitled to receive a distribution from the Net Settlement Fund (the "Eligible Securities") consist of the following:

    i.    MDCO common stock purchased or otherwise acquired during the Class Period ("MDCO Common Stock" or "Stock")[3];

    ii.    Exchange-traded call options on MDCO Common Stock purchased or otherwise acquired during the Class Period ("Call Options");

    iii.    Exchange-traded put options on MDCO Common Stock sold (written) during the Class Period ("Put Options").

The Settlement Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of MDCO Common Stock and/or Call Option purchased or otherwise acquired during the Class Period, and for each Put Option sold during the Class Period. The calculation of Recognized Loss will depend upon several factors, including when each Eligible Security was purchased and/or sold during the Class Period, and for what amounts.

The Recognized Loss is not intended to estimate the amount a Class member might have been able to recover after a trial; nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Settlement Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

Initially, 99% of the Net Settlement Fund will be allocated to the payment of claims that are based on Recognized Losses for MDCO Common Stock, and 1% of the Net Settlement Fund will be allocated to the payment of claims based on Recognized Losses for Call Options and Put Options.[4]

If the sum total of Recognized Losses for MDCO Common Stock for all Authorized Claimants is greater than 99% of the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its pro rata share. The pro rata share shall be the Authorized Claimant's Recognized Losses for MDCO Common Stock divided by the sum total of Recognized Losses for MDCO Common Stock of all Authorized Claimants, multiplied by 99% of the Net Settlement Fund.

---

[3]    During the Class Period, MDCO common stock was listed on the NASDAQ Global Select Market under the ticker symbol "MDCO."

[4] Call Options and Put Options account for less than 1% of the combined dollar volume of Eligible Securities traded during the Class Period.

Likewise, if the sum total of Recognized Losses for Call Options and Put Options for all Authorized Claimants is greater than 1% of the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its pro rata share. The pro rata share shall be the Authorized Claimant's Recognized Losses for Call Options and Put Options divided by the sum total of Recognized Losses for Call Options and Put Options of all Authorized Claimants, multiplied by 1% of the Net Settlement Fund.

In the unlikely event that the Net Settlement Fund allocated as such, is sufficient to pay 100% of either the MDCO Common Stock-based claims or the MDCO option-based claims, any excess amount will be used to pay the balance on the remaining claims. If the Net Settlement Fund is sufficient to pay 100% of the MDCO Common Stock-based claims and the MDCO option-based claims, any excess amount shall then be donated to an appropriate non-profit organization selected by Lead Counsel, in which Lead Counsel shall not have any financial interest or other affiliation.

The Court may approve the Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan will be posted on the settlement website at: _____.

The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of MDCO Common Stock was allegedly artificially inflated during the Class Period. The estimated alleged artificial inflation in the price of MDCO Common Stock during the Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of MDCO Common Stock during the Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the Stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected Defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, shares of MDCO Common Stock and Call Options purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Lead Plaintiff and Lead Plaintiff's Counsel have determined that such price declines occurred on February 10, 2014 and February 13, 2014 (the "Corrective Disclosure Dates"). Accordingly, if MDCO Common Stock or Call Options were divested (through sale, exercise or expiration) before February 10, 2014 (the earliest Corrective Disclosure Date), the Recognized Loss for those shares or options is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if MDCO Common Stock or Call Options were purchased/acquired on or after February 10, 2014 and subsequently divested before February 13, 2014, the Recognized Loss for those shares or options is $0.00. With respect to Put Options, those options must have been sold (written) during the Class Period and not closed out (through repurchase, exercise or expiration) through at least one of the Corrective Disclosure dates in order to have been damaged by the alleged violations of the federal securities laws.

| Table 1 Alleged Artificial Inflation in MDCO Common Stock[5] | | |
|---|---|---|
| From | To | Alleged Per-Share Price Inflation |
| January 8, 2013 | February 9, 2014 | $6.09 |
| February 10, 2014 | February 12, 2014 | $4.12 |
| February 13, 2014 | Thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for MDCO Common Stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on shares of MDCO Common Stock purchased/acquired during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-day look back period") cannot exceed the difference between the purchase price paid for MDCO Common Stock and the average price of MDCO Common Stock during the 90-day look back period. The Recognized Loss on MDCO Common Stock purchased/acquired during the Class Period and sold during the 90-day look back period cannot exceed the difference between the purchase price paid for MDCO Common Stock and the rolling average price of MDCO Common Stock during the portion of the 90-day look back period elapsed as of the date of sale.

**Recognized Loss Calculation for MDCO Common Stock**

For each share of MDCO Common Stock purchased or otherwise acquired during the Class Period (i.e., January 8, 2013 through February 12, 2014, inclusive), the Recognized Loss per share shall be calculated as follows:

    i.    For each share of MDCO Common Stock purchased/acquired during the period January 8, 2013 through February 9, 2014, inclusive,

        a.   and sold prior to February 10, 2014, the Recognized Loss is $0.

        b.   and sold February 10, 2014 through February 12, 2014, the Recognized Loss is $1.97.

        c.   and sold February 13, 2014 through May 13, 2014, inclusive (the 90-day period following the Class Period), the Recognized Loss is **the lesser of** (i) $6.09 and (ii) the purchase/acquisition price (excluding all fees, taxes and commissions) minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 2 below. If this

---

[5]    Any transactions in MDCO Eligible Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

calculation results in a negative number, then the Recognized Loss per share shall be $0.

    d.   and still held as of the opening of trading on May 14, 2014, the Recognized Loss per share shall be calculated as **the lesser of** (i) $6.09 and (ii) the purchase/acquisition price (excluding all fees, taxes and commissions) minus the average closing price for MDCO Common Stock during the 90-day period following the Class Period, which is $27.74. If this calculation results in a negative number, then the Recognized Loss per share shall be $0.

ii.    For each share of MDCO Common Stock purchased/acquired during the period February 10, 2014 through February 12, 2012, inclusive,

    a.   and sold prior to February 13, 2014, the Recognized Loss is $0.

    b.   and sold February 13 through May 13, 2014, inclusive (the 90-day period following the Class Period), the Recognized Loss is the lesser of (i) $4.12 and (ii) the purchase/acquisition price (excluding all fees, taxes and commissions) minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 2 below. If this calculation results in a negative number, then the Recognized Loss per share shall be $0.

    c.   and still held as of the opening of trading on May 14, 2014, the Recognized Loss per share shall be calculated as **the lesser of** (i) $4.12 and (ii) the purchase/acquisition price (excluding all fees, taxes and commissions) minus the average closing price for MDCO Common Stock during the 90-day period following the Class Period, which is $27.74. If this calculation results in a negative number, then the Recognized Loss per share shall be $0.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 2/13/2014 | $29.28 | 3/17/2014 | $30.18 | 4/15/2014 | $28.59 |
| 2/14/2014 | $29.40 | 3/18/2014 | $30.17 | 4/16/2014 | $28.50 |
| 2/18/2014 | $29.60 | 3/19/2014 | $30.16 | 4/17/2014 | $28.42 |
| 2/19/2014 | $29.66 | 3/20/2014 | $30.15 | 4/21/2014 | $28.35 |
| 2/20/2014 | $29.86 | 3/21/2014 | $30.12 | 4/22/2014 | $28.29 |

| 2/21/2014 | $29.86 | 3/24/2014 | $30.09 | 4/23/2014 | $28.22 |
| 2/24/2014 | $30.02 | 3/25/2014 | $30.05 | 4/24/2014 | $28.18 |
| 2/25/2014 | $30.08 | 3/26/2014 | $29.98 | 4/25/2014 | $28.13 |
| 2/26/2014 | $30.23 | 3/27/2014 | $29.94 | 4/28/2014 | $28.09 |
| 2/27/2014 | $30.37 | 3/28/2014 | $29.88 | 4/29/2014 | $28.06 |
| 2/28/2014 | $30.39 | 3/31/2014 | $29.83 | 4/30/2014 | $28.03 |
| 3/3/2014 | $30.36 | 4/1/2014 | $29.66 | 5/1/2014 | $28.00 |
| 3/4/2014 | $30.35 | 4/2/2014 | $29.52 | 5/2/2014 | $27.98 |
| 3/5/2014 | $30.33 | 4/3/2014 | $29.40 | 5/5/2014 | $27.95 |
| 3/6/2014 | $30.30 | 4/4/2014 | $29.27 | 5/6/2014 | $27.92 |
| 3/7/2014 | $30.27 | 4/7/2014 | $29.13 | 5/7/2014 | $27.89 |
| 3/10/2014 | $30.25 | 4/8/2014 | $29.02 | 5/8/2014 | $27.84 |
| 3/11/2014 | $30.27 | 4/9/2014 | $28.95 | 5/9/2014 | $27.80 |
| 3/12/2014 | $30.27 | 4/10/2014 | $28.88 | 5/12/2014 | $27.77 |
| 3/13/2014 | $30.24 | 4/11/2014 | $28.78 | 5/13/2014 | $27.74 |
| 3/14/2014 | $30.21 | 4/14/2014 | $28.68 | | |

**Recognized Loss Calculation for MDCO Call Options**

For each Call Option purchased or otherwise acquired during the Class Period (i.e., January 8, 2013 through February 12, 2014, inclusive), the Recognized Loss per option[6] shall be calculated as follows:

1.     For each Call Option purchased/acquired during the Class Period that was still held as of the opening of trading on one or more of the Corrective Disclosure Dates (i.e., on February 10, 2014 and/or February 13, 2014),

   a.  that was subsequently sold, the Recognized Loss per option is equal to the purchase/acquisition price per option (excluding all fees, taxes and commissions) **minus** the sale price per option (excluding all fees, taxes and commissions). If this calculation results in a negative number, then the Recognized Loss per option is $0.

   b.  that was subsequently exercised, the Recognized Loss per option is equal to the purchase/acquisition price per option (excluding all fees, taxes and

---

[6] Exchange-traded call (put) options are traded in units called contracts. Each call (put) option contract entitles the owner of the call (put) option contract to purchase (sell) 100 shares of the underlying stock upon exercise. Herein, one option means an option with one share of MDCO Common Stock as the underlying security.

commissions) **minus** the price per option on the date of exercise.[7] If this calculation results in a negative number, then the Recognized Loss per option is $0.

c.  that expired unexercised while still owned, the Recognized Loss per option is equal to the purchase/acquisition price per option (excluding all fees, taxes and commissions).

2.  For each Call Option purchased/acquired during the Class Period that was not held at the opening of trading on one or more of the Corrective Disclosure Dates, the Recognized Loss per option is $0.

No loss shall be recognized based on a sale or writing of any call option that was subsequently repurchased, exercised or expired.

### Recognized Loss Calculation for MDCO Put Options

For each Put Option sold (written) during the Class Period (i.e., January 8, 2013 through February 12, 2014, inclusive), the Recognized Loss per option shall be calculated as follows:

1.  For each Put Option sold (written) during the Class Period for which the Claimant was still obligated on at the opening of trading on one or more of the Corrective Disclosure Dates (i.e., on February 10, 2014 and/or February 13, 2014),

a.  that was subsequently repurchased, the Recognized Loss per option is equal to the repurchase price per option (excluding all fees, taxes and commissions) **minus** the sale price per option (excluding all fees, taxes and commissions). If this calculation results in a negative number, then the Recognized Loss per option is $0.

b.  that was subsequently exercised (*i.e.*, put to the Authorized Claimant), the Recognized Loss per option is equal to the price of the option on the date of exercise **minus** the sale price per option (excluding all fees, taxes and commissions).[8] If this calculation results in a negative number, then the Recognized Loss per option is $0.

---

[7] The price of the option on the date of exercise shall be the closing price of MDCO Common Stock on the date of exercise minus the strike (exercise) price of the option.

[8] The price of the option on the date of exercise shall be the strike (exercise) price of the option minus the closing price of MDCO Common Stock on the date of exercise.

c.   that expired unexercised, the Recognized Loss per option is $0.00.

2.      For each Put Option sold (written) during the Class Period for which the Claimant was not obligated on at the opening of trading on one or more of the Corrective Disclosure Dates, the Recognized Loss per option is $0.

No loss shall be recognized based on a purchase of any put option that was subsequently sold, exercised or expired.

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of MDCO Eligible Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

All purchase and sale prices shall exclude any fees and commissions.

Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired MDCO Eligible Securities during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that MDCO Eligible Securities were originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be Zero ($0.00).

Notwithstanding any of the above, receipt of MDCO Eligible Securities during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of MDCO Eligible Securities.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against the Eligible Securities held as of the close of trading on January 7, 2013 (the last day before the Class Period begins) and then against the purchases of Eligible Securities during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in MDCO Common Stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

With respect to MDCO Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the Stock shall be the exercise date of the option and the purchase/sale price of the Stock shall be the exercise price of the option. Any Recognized Loss arising from purchases of MDCO Common Stock acquired during the Class Period through the exercise of an option on MDCO Common Stock[9] shall be computed as provided for other purchases of MDCO Common Stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants (see the Plan of Allocation for additional details). No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will nevertheless bind Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiff and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of

---

[9] This includes (1) purchases of MDCO Common Stock as the result of the exercise of a Call Option and (2) purchases of MDCO Common Stock by the seller of a Put Option as a result of the buyer of such Put Option exercising that Put Option.

such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by Lead Counsel.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased MDCO securities during the Class Period (CUSIPs: _____) for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such securities during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*MDCO Securities Litigation*
Claims Administrator
P.O. Box _____
Portland, OR 97208--_____
(XXX) XXX-XXXX
www.epiqsystems.com

Dated: _____          BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT
                                      DISTRICT OF NEW JERSEY

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN H. SCHULER, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>THE MEDICINES COMPANY, CLIVE A. MEANWELL, GLENN P. SBLENDORIO, and PAUL M. ANTINORI,<br><br>       Defendants. | **Case No. 2:14-cv-01149-CCC-MF**<br><br>**CLASS ACTION** |

## NOTICE OF SETTLEMENT OF CLASS ACTION
## AND SETTLEMENT FAIRNESS HEARING

**TO:  All persons or entities who purchased or otherwise acquired the securities of The Medicines Company between January 8, 2013 and February 12, 2014.**

A hearing (the "Settlement Hearing") shall be held before the Honorable Claire C. Cecchi of the District of New Jersey in the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom 2B, Newark, New Jersey 07101, on _____. At the Settlement Hearing, the Court will consider whether: (1) to permanently certify a class (the "Class"), for settlement purposes only, consisting of all persons or entities who purchased or otherwise acquired the securities of The Medicines Company (the "Company" or "MDCO") between January 8, 2013 and February 12, 2014 (the "Class Period"); (2) to approve as fair, reasonable, and adequate the proposed settlement of this action (the "Action") in exchange for $4.25 million; (3) to dismiss with prejudice the Action and to enter judgment releasing the Released Claims against the Defendants and Released Defendant Parties; and (4) to approve the application of Lead Counsel for payment of attorneys' fees, reimbursement of costs and expenses, and payment of a Compensatory Award to the Lead Plaintiff.

If you purchased or otherwise acquired MDCO securities during the Class Period, **you will be bound by the Settlement** unless you send a letter stating that you "request exclusion from the Class in the MDCO Securities Litigation" by _____ to: *MDCO Securities Litigation*, Claims Administrator, P.O. Box ____, Portland-OR 97208-____.

If you are a Class Member and do not exclude yourself, you can object to the Settlement by filing a signed letter with the Court saying that you object to the proposed Settlement in the *MDCO Securities Litigation*. Your objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is received no later than _____:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of New Jersey<br>Martin Luther King Building &<br>U.S. Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07101 | Jeremy A. Lieberman<br>POMERANTZ LLP<br>600 Third Avenue<br>20th Floor<br>New York, NY 10016 | Michael G. Bongiorno<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007 |

Any objection must include: (1) a written notice of an intention to appear (if you intend to appear); (2) proof of ownership of MDCO securities and membership in the Class; (3) a detailed statement of your objections to any matters before the Court; and (4) the grounds therefor or the reasons that wish to appear and be heard, as well as all documents or writings you wish the Court to consider.

For copies of the complete settlement documents, please visit the Claims Administrator's website at www.epiqsystems.com or contact the Claims Administrator toll-free at (XXX) XXX-XXXX.

Any questions regarding the Settlement should be directed to Lead Counsel. **Please do not contact the Court or the Clerk's Office or Defendants' Counsel regarding this Notice.**

Dated: _____          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        DISTRICT OF NEW JERSEY

# EXHIBIT E

*MDCO Securities Litigation*
Claims Administrator
PO Box _____
Portland OR 97208-_____

Toll-Free Number:   XXX-XXX-XXXX
Website:      www._____.com
Email:       info@_____.com
Deadline to File a Claim:  _____, 2016

## <u>PROOF OF CLAIM AND RELEASE</u>

Before completing this form, please read the detailed instructions on page 7.  When filling out this form, type or print in the boxes below in CAPITAL LETTERS; do not use red ink, pencils, or staples.

**PART I:**   **CLAIMANT IDENTIFICATION**

Beneficial Owner's First Name    MI Beneficial Owner's Last Name

Co-Beneficial Owner's First Name   MI Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City              State ZIP/Postal Code

Foreign Country (only if not USA)

Social Security Number    Taxpayer Identification Number

□□□ – □□ – □□□□ **OR** □□ – □□□□□□□

Telephone Number (home)    Telephone Number (work)

□□□ – □□□ – □□□□  □□□ – □□□ – □□□□

Email address

Account Number (if filing for multiple accounts, file a separate Proof of Claim for each account)

Claimant Account Type (check appropriate box):
   Individual (includes joint owner accounts)  Pension Plan   Trust
   Corporation             Estate
   IRA/401K            Other _____ (please specify)

**PART II:**      <u>SCHEDULE OF TRANSACTIONS IN THE MEDICINES COMPANY COMMON STOCK</u>

A.      Number of shares of The Medicines Company ("MDCO") common stock held at the beginning of trading on January 8, 2013:

B.      Purchases or other acquisitions, including by way of exchange, conversion, or otherwise (from January 8, 2013 to February 12, 2014, inclusive) of MDCO common stock:

| Trade Date (MMDDYY) | Number of Shares Purchased or Acquired | Purchase Price per Share | Total Purchase Price* | Transaction Type (P/R)** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*Excluding taxes, fees, and commissions
** P=Purchase, R=Receipt (transfer in)

C.      Sales or other dispositions (from January 8, 2013 to February 12, 2014, inclusive) of MDCO common stock:

| Trade Date (MMDDYY) | Number of Shares Sold or Delivered | Sale Price per Share | Total Sale Price* | Transaction Type (S/D)** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*Excluding taxes, fees, and commissions
** S=Sale, D=Delivery (transfer out)

D.      Number of shares of MDCO common stock held at the close of trading on February 12, 2014:

**I**F YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY, AND CHECK THIS BOX:

**PART III:**     **SCHEDULE OF TRANSACTIONS IN THE MEDICINES COMPANY CALL OPTIONS**

A.     At the beginning of trading on January 8, 2013, the following call options on MDCO common stock were owned:

| Number of Contracts | Expiration (MMYY) | Strike Price | Exercised "E" or Expired "X" | Exercised Date (MMDDYY) |
|---|---|---|---|---|
| ☐☐☐ | ☐☐☐☐ | ☐☐.☐☐ | ☐ | ☐☐☐☐☐☐ |
| ☐☐☐ | ☐☐☐☐ | ☐☐.☐☐ | ☐ | ☐☐☐☐☐☐ |
| ☐☐☐ | ☐☐☐☐ | ☐☐.☐☐ | ☐ | ☐☐☐☐☐☐ |

B.     Purchases (from January 8, 2013 to February 12, 2014, inclusive) of call options on MDCO common stock:

| Date of Purchase (MMDDYY) | Number of Contracts | Expiration (MMYY) | Strike Price | Purchase Price Per Contract | Amount Paid* | Exercised "E" or Expired "X" | Exercised Date (MMDDYY) |
|---|---|---|---|---|---|---|---|
| ☐☐☐☐☐☐ | ☐☐☐ | ☐☐☐☐ | ☐☐.☐☐ | ☐☐.☐☐ | ☐☐☐.☐☐ | ☐ | ☐☐☐☐☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐ | ☐☐☐☐ | ☐☐.☐☐ | ☐☐.☐☐ | ☐☐☐.☐☐ | ☐ | ☐☐☐☐☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐ | ☐☐☐☐ | ☐☐.☐☐ | ☐☐.☐☐ | ☐☐☐.☐☐ | ☐ | ☐☐☐☐☐☐ |

C.     Sales of call options on MDCO common stock in which call options were purchased on or before February 12, 2014 (include all such sales no matter when they occurred):

| Date of Sale (MMDDYY) | Number of Contracts | Expiration (MMYY) | Strike Price | Sale Price Per Contract |
|---|---|---|---|---|
| ☐☐☐☐☐☐ | ☐☐☐ | ☐☐☐☐ | ☐☐.☐☐ | ☐☐.☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐ | ☐☐☐☐ | ☐☐.☐☐ | ☐☐.☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐ | ☐☐☐☐ | ☐☐.☐☐ | ☐☐.☐☐ |

D.     At the close of trading on February 12, 2014, the following call options on MDCO common stock were open:

| Number of Contracts | Expiration (MMYY) | Strike Price |
|---|---|---|
| ☐☐☐ | ☐☐☐☐ | ☐☐.☐☐ |
| ☐☐☐ | ☐☐☐☐ | ☐☐.☐☐ |
| ☐☐☐ | ☐☐☐☐ | ☐☐.☐☐ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY, AND CHECK THIS BOX:**     ☐

**PART IV:     SCHEDULE OF TRANSACTIONS IN THE MEDICINES COMPANY PUT OPTIONS**

A.     At the beginning of trading on January 8, 2013, the following put options on MDCO common stock were owned:

| Number of Contracts | Expiration (MMYY) | Strike Price | Assigned "A" or Expired "X" | Assignment Date (MMDDYY) |
|---|---|---|---|---|
| ☐☐☐ | ☐☐☐☐ | ☐☐•☐☐ | ☐ | ☐☐☐☐☐☐ |
| ☐☐☐ | ☐☐☐☐ | ☐☐•☐☐ | ☐ | ☐☐☐☐☐☐ |
| ☐☐☐ | ☐☐☐☐ | ☐☐•☐☐ | ☐ | ☐☐☐☐☐☐ |

B.     Sales (from January 8, 2013 to February 12, 2014, inclusive) of put options on MDCO common stock:

| Date of Sale (MMDDYY) | Number of Contracts | Expiration (MMYY) | Strike Price | Sale Price Per Contract | Total* | Assigned "A" or Expired "X" | Assignment Date (MMDDYY) |
|---|---|---|---|---|---|---|---|
| ☐☐☐☐☐☐ | ☐☐☐ | ☐☐☐☐ | ☐☐•☐☐ | ☐☐•☐☐ | ☐☐•☐☐ | ☐ | ☐☐☐☐☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐ | ☐☐☐☐ | ☐☐•☐☐ | ☐☐•☐☐ | ☐☐•☐☐ | ☐ | ☐☐☐☐☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐ | ☐☐☐☐ | ☐☐•☐☐ | ☐☐•☐☐ | ☐☐•☐☐ | ☐ | ☐☐☐☐☐☐ |

C.     Purchases of put options on MDCO common stock in which put options were sold (written) on or before February 12, 2014 (include all such purchases no matter when they occurred):

| Date of Purchase (MMDDYY) | Number of Contracts | Expiration (MMYY) | Strike Price | Purchase Price Per Contract |
|---|---|---|---|---|
| ☐☐☐☐☐☐ | ☐☐☐ | ☐☐☐☐ | ☐☐•☐☐ | ☐☐•☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐ | ☐☐☐☐ | ☐☐•☐☐ | ☐☐•☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐ | ☐☐☐☐ | ☐☐•☐☐ | ☐☐•☐☐ |

D.     At the close of trading on February 12, 2014, the following put options on MDCO common stock were open:

| Number of Contracts | Expiration (MMYY) | Strike Price |
|---|---|---|
| ☐☐☐ | ☐☐☐☐ | ☐☐•☐☐ |
| ☐☐☐ | ☐☐☐☐ | ☐☐•☐☐ |
| ☐☐☐ | ☐☐☐☐ | ☐☐•☐☐ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY, AND CHECK THIS BOX:** ☐

**PART V:**        **RELEASE**

By signing this Proof of Claim Form and Release, and in consideration of the establishment of the consideration set forth in the Settlement, as of the effective date thereof, the undersigned claimant ("Claimant"), on behalf of Claimant and Claimant's predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, and administrators, hereby fully, finally, and forever releases, relinquishes, and discharges all claims, debts, demands, controversies, obligations, losses, rights, costs, interest, penalties, fees, expenses, rights, rights of recovery, duties, judgments, actions, sums of money, suits, contracts, agreements, promises, damages, causes of action, and liabilities of any and every kind, description, and nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, foreign, statutory, common, administrative or any other law, statute rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (i) asserted in the Action; (ii) that any Releasing Plaintiff could have asserted in the Action, including those concerning, arising from or out of, relating to, in connection with, or based on statements Plaintiffs allege in the Action were false or misleading, or any of the alleged acts, commissions, omissions, representations, facts events, matters, transactions, or occurrences asserted in or relating to the Action; or (iii) that arise from or out of, related to, are in connection with, or are based on any Releasing Plaintiffs' purchase, acquisition, disposition, or sale of MDCO securities from January 8, 2013 through February 12, 2014, both dates inclusive, that were or might have been asserted on behalf of themselves, their heirs, executors, administrators, successors, and assigns against Released Defendant Parties, or any of them.  However, Released Claims do not include (i) shareholder derivative claims already asserted or to be asserted in any action are not released and (ii) Lead Plaintiff shall retain the right to enforce the Stipulation. "Unknown Claims" means and includes any and all claims that one or more Releasing Plaintiff does not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendant Parties.  This includes claims which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Defendant Parties, or might have affected his, her or its decision(s) with respect to the Settlement and the Released Claims, including his, her, or its decision to object or not to object to this Settlement. The Settling Parties expressly acknowledge, and the Releasing Plaintiffs by operation of the Judgment—shall have, and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs, Releasing Plaintiffs, or Released Defendant Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs and Defendants expressly, fully, finally, and forever settle and release, and each other Releasing Plaintiff and Released Defendant Party shall be deemed to have settled released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties expressly acknowledge, and each other Releasing Plaintiff and Released Defendant Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

**PART VI:**        **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGEMENTS**

By submitting this Proof of Claim Form and Release, I/we, and every Class member I/we represent, submit to the jurisdiction of the United States District Court for the District of New Jersey for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement (the "Stipulation"). I/We further agree to be bound by the orders of the Court, agree that this Proof of Claim Form, my/our status or the status of the Class member I/we represent as a Claimant, and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

## PART VII: REPRESENTATIONS

I/We acknowledge that I/we have read the Notice, and that pursuant thereto I/we file this claim to participate in the Settlement.

I/We hereby warrant and represent that neither I/we, nor any person I/we represent, is a Defendant (as defined in the Notice) with respect to any of the claims asserted in the Litigation, a member of the immediate family of any of the Defendants, anyone excluded from the Class as it is defined in the Stipulation, or a person or entity who has requested exclusion from the Class.

I/We hereby warrant and represent that I am/we are authorized to execute and deliver this Proof of Claim Form and Release.

## PART VIII: CERTIFICATION AND SIGNATURE

I (We) certify that I am/we are not subject to backup withholding. (**If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence**.).

**I/We certify that I/we purchased or otherwise acquired the MDCO securities as listed in the above schedule(s).**

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned, and the documents attached hereto, are true, correct, and complete to the best of my knowledge.

Executed this _____ day of _____, in _____, _____.
(Month / Year)  (City)  (State / Country)

Signature of Claimant

Print Name of Claimant

Date: | M M | - | D D | - | Y Y |

Signature of Joint Claimant, if any

Print Name of Joint Claimant

Date: | M M | - | D D | - | Y Y |

# PROOF OF CLAIM INSTRUCTIONS

A. This Proof of Claim and Release has been sent to you because you may be a member of the Class in this matter. To participate, you must complete and sign this Proof of Claim and Release and provide supporting documents for any eligible transactions you claim. If you fail to file a properly addressed Proof of Claim and Release and supporting documents, your claim may be rejected, and you may be determined to be ineligible for any payment from the Net Settlement Fund.

B. Submission of this Proof of Claim does not assure that you will share in the proceeds of the Net Settlement Fund created in this Action. In order to be eligible to participate in the distribution of the Net Settlement Fund, a claimant ("Claimant") must have purchased or otherwise acquired MDCO securities between January 8, 2013 and February 12, 2014, both dates inclusive.

C. YOU MUST COMPLETE AND SUBMIT YOUR PROOF OF CLAIM AND RELEASE BY MAIL POSTMARKED ON OR BEFORE ____, ADDRESSED TO THE CLAIMS ADMINISTRATOR AS LISTED BELOW.

D. If you are NOT a member of the Class, as defined in the Notice, DO NOT submit a Proof of Claim.

E. If you are a member of the Class, and you do not timely request to be excluded from the Class, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

F. Use the section of this form entitled "Claimant Information" to identify each owner of record. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S) OR THE LEGAL REPRESENTATIVE OF SUCH OWNER(S) OF SHARES UPON WHICH THIS CLAIM IS BASED.

G. Use the section of this form entitled "Schedule of Transactions" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

H. Complete a separate claim form for each account in which you qualify.

I. Provide all of the requested information with respect to the MDCO securities that you acquired at any time between January 8, 2013 to February 12, 2014, inclusive (the "Class Period"), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

J. List each transaction in the Class Period in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

K. **Documentation of your transactions in MDCO securities must be attached to your claim**. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

L. The above requests are designed to provide the minimum amount of information necessary to process the simplest claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. For a detailed explanation regarding how your losses will be calculated, please refer to the Plan of Allocation set forth in the accompanying Notice.

***Proof of Claim and Release forms must be postmarked no later than ____ and mailed to _____ Securities Litigation, Claims Administrator, PO Box ____, Portland, OR 97208-____.***

ATTENTION NOMINEES AND BROKERAGE FIRMS: If you are filing claim(s) electronically on behalf of beneficial owners, detailed instructions are available on the Settlement website at www._____.com along with the formatted electronic filing template. You may also send an email to info@____.com requesting this information.

---

### Reminder Checklist

1. Sign the Certification section of the Proof of Claim and Release on page 6.
2. Remember to attach supporting documentation.
3. Do not send original documents.
4. Keep a copy of your Proof of Claim and all documents submitted for your records.
5. If you desire an acknowledgment of receipt, send your Proof of Claim by Certified Mail, Return Receipt Requested.
6. If you move, please send the Claims Administrator your new address.

## ACCURATE CLAIMS PROCESSING CAN TAKE A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

# EXHIBIT F

**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
Jeffrey A. Shooman
570 Broad Street, Suite 1201
Newark, NJ 07102

**POMERANTZ LLP**
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, NY 10016

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, IL 60603

*Counsel for Lead Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WARREN H. SCHULER, Individually and
On Behalf of All Others Similarly Situated,

Plaintiff,

v.

THE MEDICINES COMPANY,
CLIVE A. MEANWELL,
GLENN P. SBLENDORIO, and
PAUL M. ANTINORI,

Defendants.

**Case No. 2:14-cv-01149-CCC-MF**

**CLASS ACTION**

## [PROPOSED] FINAL JUDGMENT AND
## ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for a hearing pursuant to the Order Preliminarily

Approving Settlement and Providing for Notice ("Notice Order") dated _____, on

the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of

Settlement dated February 12, 2016 (the "Stipulation"). This Court has jurisdiction over the

subject matter of the Action and over all Settling Parties to the Action, including all Class

Members. Due and adequate notice having been given to the Class pursuant to the Notice Order,

and the Court having considered all papers filed and proceedings had herein and otherwise being

fully informed in the premises, it is hereby ORDERED that:

     1.     This Final Judgment and Order of Dismissal with Prejudice ("Judgment")

incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein

shall have the same meanings as set forth therein.

     2.     Pursuant to Fed. R. Civ. P. 23, the Court certifies, for purposes of settlement only,

the following Class:

> All persons who purchased or otherwise acquired the securities of The
> Medicines Company ("MDCO" or the "Company") between January 8,
> 2013 and February 12, 2014, both dates inclusive (the "Class Period").

Excluded from the Class are:

     a.     Persons or entities who submit valid and timely requests for exclusion from the

          Class, as listed on Exhibit A; and

     b.     Defendants; the officers and directors of the Company at all relevant times;

          members of the immediate families of each Defendant; any person or entity in

          which any Defendant has a controlling interest or which is related to or affiliated

          with any Defendant; and the legal representatives, agents, heirs, successors or

          assigns of any such excluded party.

     3.     For the purposes of settlement only, the Court finds that the prerequisites for a

class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied in

that:

     a.     The members of the Class are so numerous that joinder of all Class Members in

          the class action is impracticable;

b.  There are questions of law and fact common to the Class that predominate over any individualized questions;

c.  The claims of Lead Plaintiff are typical of the claims of the Class;

d.  Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of Class Members; and

e.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering:

   i.  the interests of the Class Members in individually controlling the prosecution of the separate actions;

   ii.  the extent and nature of any litigation concerning the controversy already commenced by Class Members;

   iii.  the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

   iv.  the difficulties likely to be encountered in the management of the class action.

4.  The Court finds that the Stipulation and Settlement are fair, reasonable, and adequate under Federal Rule of Civil Procedure 23 as to each of the Settling Parties.

5.  The Stipulation and Settlement are hereby finally approved in all respects. The Court authorizes and directs implementation of all the terms and provisions of the Stipulation.

6.  The Court hereby dismisses with prejudice the Action and all claims contained therein and all of the Released Claims as against the Released Defendant Parties, except as and to the extent provided in the Stipulation and herein.

7.      By operation of this Judgment and the Stipulation, upon the Effective Date, and as provided in the Stipulation, Releasing Plaintiffs shall have and shall be deemed to have fully, finally, and forever released, relinquished, and discharged each and every one of the Released Claims (including, without limitation, Unknown Claims) against the Released Defendant Parties, whether or not any such Releasing Plaintiff executes and delivers the Proof of Claim and Release.

8.      By operation of this Judgment and the Stipulation, upon the Effective Date, Releasing Plaintiffs shall have and shall be deemed to have covenanted not to sue on any Released Claim against any Released Defendant Party.

9.      By operation of this Judgment and the Stipulation, upon the Effective Date, Releasing Plaintiffs  shall be and shall be deemed to be permanently enjoined and forever barred from suing on, instituting, prosecuting, continuing, maintaining or asserting, in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Released Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties, whether or not any such Releasing Plaintiff executes and delivers the Proof of Claim and Release forms.

10.      The notice disseminated to the Class in accordance with the Notice Order was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable law and rules.

11.     Separate orders shall be entered regarding the proposed Plan of Allocation and any Fee and Expense Application filed by Lead Counsel. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any Fee and Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12.     Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be offered or received against any Released Defendant Party as evidence or any presumption, concession, or admission by any Released Defendant Party with respect to the trust of any fact alleged by any Releasing Plaintiff or the validity of any claim (including Released Claims) that has been or could have been asserted in the Action or in any other action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other action, or of any liability, negligence, fault, or wrongdoing of any Released Defendant Party; (b) is or may be offered or received against any of the Released Defendant Parties as evidence of presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Defendant Party; or (c) is or may be construed against any Released Defendant Party as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.  The Released Defendant Parties, Lead Plaintiff, Releasing Plaintiffs, and their respective counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The

Settling Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Judgment.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining any Fee and Expense Applications in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

14.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.     In the event that the Settlement is Terminated, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be vacated and rendered null and void in accordance with the Stipulation. In such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.     The Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation without further order of the Court.

17.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____        _____

                                        Honorable Claire C. Cecchi
                                        United States District Judge

**<u>EXHIBIT A</u>**

**List of Persons and Entities Excluded from the Class in**

*Schuler v. Medicines Co., et al.*
Case No. 14-cv-01149-CCC

The following persons and entities, and only the following persons and entities, have properly excluded themselves from the Class by the _____ deadline, pursuant to the Court's Order dated _____:

| | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |