LITE DEPALMA GREENBERG, LLC
Bruce D. Greenberg
Jeffrey A. Shooman
570 Broad Street, Suite 1201
Newark, NJ 07102

POMERANTZ LLP
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, NY 10016

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, IL 60603

*Counsel for Lead Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN H. SCHULER, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>THE MEDICINES COMPANY,<br>CLIVE A. MEANWELL,<br>GLENN P. SBLENDORIO, and<br>PAUL M. ANTINORI,<br><br>      Defendants. | Case No. 2:14-cv-01149-CCC-MF<br><br>**CLASS ACTION** |

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the Settling Parties have applied under Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement of this Action, under the terms and conditions set forth in a Stipulation of Settlement dated February 12, 2016 (the "Stipulation");

WHEREAS, the Court has reviewed the Stipulation and the Exhibits annexed thereto.

Accordingly, it is hereby ORDERED:

1.  The Court preliminarily approves the Settlement as set forth in the Stipulation, subject to further consideration at the Final Approval Hearing. Unless otherwise defined, all terms used herein shall have the same meanings as set forth in the Stipulation.

2.  The Court preliminarily certifies, for purposes of settlement only, the following Class:

    > All persons who purchased or otherwise acquired the securities of The Medicines Company ("MDCO" or the "Company") between January 8, 2013 and February 12, 2014, both dates inclusive (the "Class Period").

    Excluded from the Class are:

    a. Persons or entities who submit valid and timely requests for exclusion from the Class; and

    b. Defendants; the officers and directors of the Company at all relevant times; members of the immediate families of each Defendant; any person or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant; and the legal representatives, agents, heirs, successors or assigns of any such excluded party.

3.  On June 7, 2016, at 10:30 a.m., a hearing (the "Final Approval Hearing") shall be held before this Court, at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom 5B, Newark, New Jersey 07101, for the following purposes:

    a. to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court;

    b. to determine whether a Judgment as provided in the Stipulation should be entered;

1

    c. to determine whether the proposed Plan of Allocation should be approved;

    d. to determine any amount of fees, costs and expenses that should be awarded to Lead Counsel and Lead Plaintiff for their service to the Class;

    e. to hear any objections by Class Members to the Stipulation, Plan of Allocation, or any award of fees and expenses to Lead Counsel or to Lead Plaintiff; and

    f. to consider such other matters as the Court may deem appropriate.

4. The Court appoints for settlement purposes only the firm of Epiq Systems, Inc. (the "Claims Administrator") to supervise and administer the notice procedure and the processing of claims, as more fully set forth below:

    a. The Defendants shall cooperate reasonably and in good faith in providing documents and information to assist Plaintiffs in identifying Class Members;

    b. Not later than **April 5, 2016** (the "Notice Date"), Lead Counsel or the Claims Administrator shall cause a copy of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing ("Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website;

    c. Not later than **April 5, 2016**, the Claims Administrator shall cause the Notice of Settlement of Class Action and Settlement Fairness Hearing ("Publication Notice"), substantially in the form annexed as Exhibit A-3 hereto, to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service; and

    d. Not later than twenty-eight (28) days before the Final Approval Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

5. Nominees who purchased or acquired MDCO securities for the benefit of another Person during the Class Period shall be requested to send the Notice and Proof of Claim to such beneficial owners of MDCO securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

6. The form and content of the notice program described herein, and the methods set forth herein for notifying the Class of the Settlement, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

7. Other than the cost of providing (or causing to be provided) transfer records sufficient to identify Class Members (to the extent reasonably possible) to the Claims Administrator, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund as set forth in ¶¶ 2.6–2.8 of the Stipulation, and in no event shall any of the Released Defendant Parties bear any responsibility for such fees, costs, or expenses.

8.  All Releasing Plaintiffs (except Persons who request exclusion pursuant to ¶ 12 below) shall be bound by all determinations and judgments in the Action concerning the Settlement, including but not limited to the releases, covenants not to sue, and permanent injunctions provided for therein (whether favorable or unfavorable to the Class), regardless of whether such Persons seek or obtain by any means (including without limitation by submitting a Proof of Claim or any similar document) any distribution from the Settlement Fund or the Net Settlement Fund.

9.  Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than June 13, 2016. Any Class Member who does not submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. Plaintiffs' Counsel shall not incur any liability for declining to accept any late-submitted claim.

10. The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court:

   a. it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph;

   b. it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker

      account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator;

   c. if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim;

   d. it must be complete and contain no material deletions or modifications of any of the printed matter contained therein; and

   e. it must be signed under penalty of perjury.

11. Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

12. Any Class Member may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), received no later than twenty-one (21) days before the Final Approval Hearing. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions, sales, and dispositions of MDCO securities during the Class Period, including the dates, the number of securities purchased, acquired, or sold, and the price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph, and who do not timely revoke the Request for Exclusion in the manner set forth in the following paragraph, shall have

no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

13.  A Class Member may revoke a previously-submitted Request for Exclusion by submitting a written request to the Claims Administrator such that it is received no later than seven (7) days before the Final Approval Hearing. A revocation of a Request for Exclusion must be signed, must provide the Class Member's name, address, and telephone number, and must state that the Class Member wishes to revoke his or her Request for Exclusion.

14.  Lead Counsel shall cause to be provided to Lead Counsel and Defendants' Counsel copies of all Requests for Exclusion, and any written revocations of Requests for Exclusion, as expeditiously as possible and in any event not less than seventeen (17) days before the Final Approval Hearing for Requests for Exclusion and five (5) days before the Final Approval Hearing for revocations of Requests for Exclusion.

15.  Any Class Member may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why a Fee and Expense Award should not be granted, or why a Compensatory Award should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement (or, if approved, the Judgment to be entered thereon approving the same), or the order approving the Plan of Allocation, or any Fee and Expense Award or Compensatory Award, unless written objections and copies of any papers and briefs are received by Pomerantz LLP, Jeremy A. Lieberman, 600 Third Avenue, 20th Floor, New York, NY 10016; and Wilmer Cutler Pickering Hale and Dorr LLP, Michael G. Bongiorno, 7 World Trade Center, 250 Greenwich Street, New

York, New York 10007, on or before May 17, 2016 ; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the District of New Jersey, on or before may 17, 2016 . Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the Fee and Expense Award, and to the Compensatory Award, unless otherwise ordered by the Court.

16. Attendance at the Final Approval Hearing is not necessary. However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, or Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing. Class Members do not need to appear at the Final Approval Hearing or take any action if they do not oppose any aspect of the Settlement.

17. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. All papers in support of the Settlement, Plan of Allocation, and any Fee and Expense Application shall be filed and served no later than twenty-eight (28) days before the Final Approval Hearing, and any reply papers shall be filed and served no later than seven (7) days before the Final Approval Hearing.

19. The Released Defendant Parties shall have no responsibility for the Plan of Allocation or any Fee and Expense Application, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation and any Fee and Expense Application proposed by Lead Counsel should be approved.

21. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶ 2.7 of the Stipulation.

22. Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Parties or any other Released Defendant Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with a proceeding to enforce the terms of the Stipulation. The Released Defendant Parties, Releasing Plaintiffs, and each of their counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

23. All proceedings in the Action are stayed. Pending final determination of whether the Settlement should be approved, no Releasing Plaintiff, either directly, representatively, or in

any other capacity, shall commence or prosecute against any of the Released Defendant Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

24. The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Class Members, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 3 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: February 25, 2016

Honorable Claire C. Cecchi
United States District Judge